| | |
|---|---|
| 1 | MARIA C. RODRIGUEZ (SBN 194201) |
| 2 | mcrodriguez@mwe.com |
|   | ARIEL BEVERLY (SBN 324656) |
| 3 | abeverly@mwe.com |
| 4 | CLAIRE M. HAGAN (SBN 357561) |
|   | chagan@mwe.com |
| 5 | **MCDERMOTT WILL & EMERY LLP** |
| 6 | 2049 Century Park East, Suite 3200 |
|   | Los Angeles, CA  90067-3206 |
| 7 | Telephone:  +1 310 277 4110 |
| 8 | Facsimile:  +1 310 277 4730 |
| 9 | Attorneys for Specially Appearing Defendants |
| 10 | MRB2024, LLC and OFF ONE'S BASE, LLC |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONTESTANT 1, a California resident, CONTESTANT 2, a California resident, CONTESTANT 3, a California resident, CONTESTANT 4, a California resident, CONTESTANT 5, a United States resident, CONTESTANT 6, a United States resident, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MRB2024, LLC, a North Carolina Limited Liability Company;  OFF ONE'S BASE, LLC, a, North Carolina Limited Liability Company; AMAZON ALTERNATIVE LLC, a California Limited Liability Company; MYSTICART PICTURES, LLC and DOES 1-100, inclusive, <br><br> Defendants. | CASE NO. <br><br> **SPECIALLY APPEARING DEFENDANTS MRB2024, LLC AND OFF ONE'S BASE, LLC'S NOTICE OF REMOVAL** <br><br> **[CAFA JURISDICTION]** <br><br> (Removed from Los Angeles Superior Court Case No. 24STCV31184) | |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS, CO-DEFENDANTS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Specially Appearing Defendants MrB2024, LLC ("**MrB2024**") and Off One's Base, LLC ("**Off One's Base**") (together, "**Specially Appearing Defendants**"), by and through their attorneys of record, hereby remove the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California under the Class Action Fairness Act ("**CAFA**") pursuant to 28 U.S.C. sections 1332(d), 1441(a), 1446, and 1453.

This Court has original jurisdiction under CAFA, 28 U.S.C. section 1332(d)(2). The alleged amount in controversy exceeds $5 million, exclusive of interests and costs; there are at least two thousand putative class members; and at least one plaintiff is a citizen of a different state than at least one of the defendants, as discussed further below.

## PROCEDURAL SUMMARY

1. On or about September 16, 2024, Contestants 1 through 5 (collectively, "**Plaintiffs**") commenced an action against MrB2024, Off One's Base, and Amazon Alternative, LLC ("**Amazon**") in the Superior Court of California, County of Los Angeles, in their Complaint entitled *Contestant 1, et al. v. MrB2024, LLC et al.*, case number 24STCV24042 ("**Complaint**"). On behalf of themselves and others, the five pseudonymous plaintiffs alleged the following causes of action against MrB2024, Off One's Base, and Amazon: (1) Failure to Pay Minimum Wages; (2) Liquidated Damages for Failure to Pay Minimum Wages; (3) Failure to Pay Overtime; (4) Sexual Harassment; (5) Failure to Prevent Harassment; (6) Negligent Infliction of Emotional Distress; (7) Failure to Provide Uninterrupted Meal Breaks; (8) Failure to Provide Uninterrupted Rest Breaks; (9) Failure to Pay Wages Properly Upon Termination; (10) Failure to Provide Accurate and Itemized Wage Statements; (11) Failure to Indemnify for Employee Expenses and Losses in Discharging Duties; (12) Unfair

Business Practices; (13) False Advertising; and (14) Declaratory Relief.  Attached as **Exhibit A** is a true and correct copy of the unredacted Complaint.

2. On September 23, 2024, Contestants 1 through 6 (collectively, "**FAC Plaintiffs**") filed a First Amended Complaint ("**FAC**") against MrB2024, Off One's Base, Amazon and MysticArt Pictures, LLC ("**MysticArt**") (collectively, "**FAC Defendants**").  In it, the six pseudonymous plaintiffs asserted individual and class claims for: (1) Failure to Pay Minimum Wages; (2) Liquidated Damages for Failure to Pay Minimum Wages; (3) Failure to Pay Overtime; (4) Sexual Harassment; (5) Failure to Prevent Harassment; (6) Negligent Infliction of Emotional Distress; (7) Failure to Provide Uninterrupted Meal Breaks; (8) Failure to Provide Uninterrupted Rest Breaks; (9) Failure to Pay Wages Properly Upon Termination; (10) Failure to Provide Accurate and Itemized Wage Statements; (11) Failure to Indemnify for Employee Expenses and Losses in Discharging Duties; (12) Unfair Business Practices; (13) Unfair Business Practices; (14) False Advertising; and (15) Declaratory Relief.  Attached as **Exhibit B** is a true and correct copy of the unredacted FAC and related process, orders, and pleadings served upon Defendants via Notice and Acknowledgement of Receipt ("**NAR**").

3. On March 6, 2025, each of the FAC Defendants accepted service of the Summons and Complaint via NAR.  Attached as **Exhibit C** is a true and correct copy of the NAR executed by MrB2024.  Attached as **Exhibit D** is a true and correct copy of the NAR executed by Off One's Base.  Attached as **Exhibit E** is a true and correct copy of the NAR executed by Amazon.  Attached as **Exhibit F** is a true and correct copy of the NAR executed by MysticArt.

4. On April 7, 2025, Matthew Rivera, Keshwan Clark, Kory Ingram, Jane Hurst, Gabrielle Mathews, Jordan Santana, and April Holloway (collectively, "**Plaintiffs**")[1] filed a Second Amended Complaint ("**SAC**") against MrB2024, Off

---

[1] The SAC is the first pleading in which the Plaintiffs identified themselves by name.

1. One's Base and Amazon (collectively, "**Defendants**").[2] In it, Plaintiffs assert the following causes of action: (1) Failure to Pay Minimum Wages; (2) Liquidated Damages for Failure to Pay Minimum Wages; (3) Failure to Pay Overtime; (4) Sexual Harassment; (5) Failure to Prevent Harassment; (6) Failure to Provide Uninterrupted Meal Breaks; (7) Failure to Provide Uninterrupted Rest Breaks; (8) Failure to Pay Wages Properly Upon Termination; (9) Failure to Provide Accurate and Itemized Wage Statements; (10) Failure to Provide Reasonable Accommodations; (11) Unfair Business Practices (unfair influence on competition); (12) Unfair Business Practices (unconscionable contract); (13) Unfair Business Practices (false advertising); (14) Breach of Contract; (15) Breach of Implied Contract; (16) Breach of Implied Covenant of Good Faith and Fair Dealing; (17) Declaratory Relief. Attached as **Exhibit G** is a true and correct copy of the SAC.

5. Attached as **Exhibit H** are the true and correct copies of the Court's orders on (1) November 12, 2024, continuing all hearings to March 2025 pursuant to a stipulation by the FAC Plaintiffs and FAC Defendants (collectively "**FAC Parties**") and (2) March 5, 2025 continuing all hearings to April 2025 pursuant to a stipulation by the FAC Parties.

**THIS COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1332(d)**

6. **The Court has jurisdiction under CAFA**. Under CAFA, this Court has original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million, exclusive of costs and interest. (28 U.S.C. sections 1332(d)(2), (d)(5), and (d)(6).)

7. **The proposed class consists of more than 100 members**. Plaintiffs seek to represent a class of "[a]ll individuals, nationwide and worldwide, who were engaged as purported contestants in the Beast Games . . . between July 2024 and September 2024 ('Proposed Class' or 'Class') for violations of the California Labor Code . . . and the

---

[2] Plaintiffs' SAC dismisses MysticArt.

Business and Professions Code . . . ." (**Exhibit B** – FAC, at ¶ 114; **Exhibit G** – SAC, ¶ 140.) The Complaint alleges a proposed class consisting of "over two thousand" class members. (**Exhibit B** – FAC, at ¶ 118; **Exhibit G** – SAC, ¶ 147.) Therefore, the total number of class members is well in excess of 100, and the numerosity requirement under CAFA has been met.

8.    **There is minimal diversity between the parties**. CAFA requires only minimal diversity: that any plaintiff or member of the putative class be a citizen of a different state than any defendant. *See* 28 U.S.C. § 1332(d)(2)(A). An individual is a citizen of the single state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of removal under CAFA, the citizenship of a limited liability company is analyzed as an "unincorporated association" under Section 1332(d)(10). *Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010); *Hernandez v. Pure Health Research LLC*, 2023 WL 7029213 (S.D. Cal. Oct. 25, 2023). CAFA expressly states that "for purposes of this section . . . **an unincorporated association** . . . is deemed to be a citizen of the state where it has its principal place of business and under whose laws it is incorporated or organized." 28 U.S.C. § 1332(d)(10) (emphasis added). This is different from Section 1332(c) which has been interpreted to provide that "[a]n LLC is a citizen of every state in which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006). Matthew Rivera, Contestant 1, alleges that he is a resident of California. (**Exhibit B** – FAC, ¶ 18; **Exhibit G** – SAC, ¶ 13.) MrB2024 is a limited liability company organized under the laws of North Carolina. (Declaration of Damien Atkins ("Atkins Decl.") at ¶ 2.) At all relevant times, MrB2024's company headquarters—and thus its principal place of business—has been in the State of North Carolina where the majority of MrB2024's executive, administrative, financial and management functions are conducted, and from where the majority of their high-level officers direct, control, and coordinate the company's operations and activities. (Atkins Decl. at ¶ 3.) Therefore, diversity exists between

1  Rivera, a California citizen, and MrB2024, a North Carolina citizen.

2        9.    **The amount in controversy exceeds $5 million**.  For a federal court to have jurisdiction under CAFA, the amount in controversy must exceed $5 million when aggregating the claims of each individual class member.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin* Operating *Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages."  *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011); *Singer v State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  A defendant can satisfy this low burden by relying on allegations in the complaint or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by the plaintiffs exceeds the jurisdictional minimum.  *Coleman*, 730 F. Supp. 2d at 1148; *Singer*, 116 F.3d at 377.[3]

      10.    Where a complaint does not affirmatively allege an amount in controversy, the court considers the complaint, allegations in the removal petition, and evidence relevant to the amount in controversy at the time of removal.  *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer*, 116 F.3d at 377 (9th Cir. 1997).  Statutory penalties may be considered by the Court when determining the amount in controversy.  *See Coleman*, 730 F. Supp. 2d at 1148.  If a plaintiff asserts statutory violations, the court should assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise.  *Id.* at 1149.

---

[3] A notice of removal need only provide a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  Because section 1446 tracks Rule 8's liberal pleading standard, a notice of removal need only allege the grounds plausibly and need not be supported by evidentiary submissions.  *See Dart*, 135 S.Ct. at 554 ("In sum, as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by section 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."); *see also Roa v. TS Staffing Servs., Inc.*, Case No. 2:14-CV-08424-ODW, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) ("The 'short and plain statement' language from section 1446(a) applies to the entire notice of removal, and therefore would apply equally to all CAFA allegations and not just the amount-in-controversy requirement.").

11. Though Specially Appearing Defendants deny that Plaintiffs' claims are viable or have any merit, and deny that any claim asserted is amenable to class treatment, Plaintiffs' claims place far more than $5 million in controversy. For the exclusive purpose of meeting the jurisdictional requirements for removal under 28 U.S.C. section 1332(d), Plaintiffs' claims put at least $41,600,000 in controversy.[4] Specially Appearing Defendants provide the following analysis of potential damages, without admitting liability:

12. Plaintiffs identify a putative class of two thousand contestants. (**Exhibit B – FAC, ¶¶ 114, 118; Exhibit G – SAC, ¶ 140, 147.**) Plaintiffs allege that Defendants failed to pay each of them minimum or overtime wages, provide meal or rest periods, or timely issue payment of wages upon their elimination from the contest, among others. The aggregate amount in controversy for these claims alone, *for just a four-day period*, exceeds CAFA's jurisdictional threshold, and Plaintiffs' additional claims only further increase the aggregate amount in controversy.

13. **The claim for Failure to Pay Minimum Wages puts *a minimum* of $1,024,000 in controversy**. Plaintiffs allege that the putative class worked "a non-stop continuous stretch" from July 18, 2024 and July 21, 2024[5] (**Exhibit B – FAC, ¶ 65; Exhibit G – SAC, ¶ 72**), working "24-hour shifts" *without payment of any wages*. (**Exhibit B – FAC, ¶ 134; Exhibit G – SAC, ¶ 165.**) Plaintiffs allege they are owed a minimum of $16 per hour for their time spent participating as contestants. (**Exhibit B – FAC, ¶ 133; Exhibit G – SAC, ¶ 164.**) Thus, Plaintiffs' first cause of action for failure to pay minimum wages, *based solely on participation in the contest from July 18, 2024 to July 21, 2024*, places $1,024,000 in controversy ($16 per hour x 8 hours of

---

[4] Specially Appearing Defendants reserve the right to present additional evidence supporting the amount in controversy, should Plaintiffs challenge whether the jurisdictional threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn By Marriott*, 936 F.3d 920, 924 (9th Cir. 2019).

[5] For purposes of this analysis, it is sufficient to consider only this four-day period of competition.

straight time x 4 "workdays" x 2000 contestants).

14. **The claim for Failure to Pay Overtime Wages puts a *minimum* of $3,840,000 in controversy**. Plaintiffs allege that the putative class worked "a non-stop continuous stretch" from July 18, 2024 and July 21, 2024 (**Exhibit B** – FAC, ¶ 65; **Exhibit G** – SAC, ¶ 72), working "24-hour shifts" *without payment of any wages*. (**Exhibit B** – FAC, ¶ 134; **Exhibit G** – SAC, ¶ 165.) Plaintiffs allege they are owed a minimum of $16 per hour for their time spent participating as contestants. (**Exhibit B** – FAC, ¶ 133; **Exhibit G** – SAC, ¶ 164.) Specifically, Plaintiffs allege they are owed $24 per hour for all hours spent competing after the eighth hour of each workday and $32 per hour for all hours spent competing after the twelfth hour of each workday. (**Exhibit B** – FAC, ¶ 143; **Exhibit G** – SAC, ¶ 174; Cal. Lab. Code § 510.) Thus, Plaintiffs' third cause of action for unpaid overtime wages, *based solely on participation in the contest from July 18, 2024 to July 21, 2024*, places $3,840,000 in controversy [($24 per overtime hour x 4 hours x 4 "workdays" x 2000 contestants) + ($32 per double time hour x 12 hours x 4 "workdays" x 2000 contestants)].

15. **The claim for Failure to Provide Meal Periods puts a minimum of $128,000 in controversy**. Plaintiffs allege that the putative class worked "a non-stop continuous stretch" from July 18, 2024 and July 21, 2024 (**Exhibit B** – FAC, ¶ 65; **Exhibit G** – SAC, ¶ 72), working "24-hour shifts" *without payment of any wages*. (**Exhibit B** – FAC, ¶ 134; **Exhibit G** – SAC, ¶ 165.) Plaintiffs allege they were owed a minimum of $16 per hour for their time spent participating as contestants, meaning they would be entitled to at least $16 for every instance a meal period was due and not provided. (**Exhibit B** – FAC, ¶ 133; **Exhibit G** – SAC, ¶ 164.) California Labor Code section 226.7 requires that a meal period premium be paid "for each workday" that the meal period was not provided. Thus, Plaintiffs' sixth cause of action for failure to provide meal periods, *based solely on participation in the contest from July 18, 2024 to July 21, 2024*, puts $128,000 in controversy ($16 per violation x 4 "workdays" x 2000 contestants).

16.     **The claim for Failure to Provide Rest Periods amounts to a minimum of $128,000 in penalties**. Plaintiffs allege that all 2000 contestants were not provided with a rest period "on any workdays" and failed to otherwise provide one hour of pay for each time a rest break was not provided. (**Exhibit B** – FAC, ¶ 174; **Exhibit G** – SAC, ¶ 200.) Plaintiffs allege they were owed a minimum of $16 per hour for their time spent participating as contestants, meaning they would be entitled to at least $16 for every instance a rest period was due and not provided. (**Exhibit B** – FAC, ¶ 133; **Exhibit G** – SAC, ¶ 164.) California Labor Code section 226.7 requires that a rest period premium be paid "for each workday" that the rest period was not provided. Thus, Plaintiffs' seventh cause of action for failure to provide rest periods, *based solely on participation in the contest from July 18, 2024 to July 21, 2024*, puts $128,000 in controversy ($16 per violation x 4 "workdays" x 2000 contestants).

17.     **The claim for Waiting Time Penalties puts a minimum of $36,480,000 in penalties**. Plaintiffs allege that none of the 2000 contestants received compensation promptly upon their discharge or resignation from the contest and that therefore each of them is entitled to waiting time penalties equal to 30 days wages. (**Exhibit B** – FAC, at ¶181; **Exhibit G** – SAC, ¶ 205.) If an employer fails to pay wages to an employee promptly upon termination, those wages shall continue at the same rate until paid, though not more than 30 days. Cal. Lab. Code § 203. Plaintiffs allege that contestants were required to work "non-stop period of employment, around the clock . . . ." (**Exhibit B** – FAC ¶ 66; **Exhibit G** – SAC, ¶ 73.) An employee who works for twenty-four hours is entitled to eight hours of pay at their regular rate of pay, four hours of overtime pay at one and one-half times their rate of pay, and twelve hours of double time pay at double their regular rate of pay. *See* Cal. Lab. Code § 510. California's minimum wage in 2024 was $16 per hour. Cal. Lab. Code § 1182.12; MW-2025 "Official Notice, California Minimum Wage", California Industrial Welfare Commission. Hence, Plaintiffs allege class members are entitled to $608 in wages per

1 day,[6] a rate that would continue to accrue until the wages are paid or 30 days, whichever is earlier. *See* Cal. Lab. Code § 203. (**Exhibit B –** FAC, ¶ 180; **Exhibit G** – SAC, ¶ 205.) Thus, Plaintiffs' eighth cause of action for failure to timely pay wages due, puts **$36,480,000** in controversy ($608 x 30 days x 2000). Although Specially Appearing Defendants deny that any amounts are due to any putative class members (or even that there is a valid class to be certified), **the calculation above for this single cause of action amounts to $36,480,000** which is well above the $5,000,000 amount in controversy threshold necessary for CAFA jurisdiction.[7]

18. Plaintiffs' pleading put a sufficient "amount in controversy" for the above claims, which are calculated based solely on four days of the contest (a qualifying contest), which took place in Las Vegas, Nevada. These calculations do not account for the additional four weeks during which 1000 contestants continued to compete in Toronto, Canada, between August 2024 and September 2024. (**Exhibit B –** FAC, ¶ 1, 109; **Exhibit G** – SAC, ¶ 134, 140.) Further, these calculations do not include damages for Plaintiffs' eleven other causes of action for damages. (*See, e.g.* **Exhibit B –** FAC, ¶ 141, 187; **Exhibit G** – SAC, ¶ 172, 212.)

19. Accordingly, removal of this action under CAFA is proper under 28 U.S.C. section 1332(d).

**COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL**

20. This Notice of Removal has been filed within 30 days after Defendants' execution of the NARs on March 6, 2025. (*See* **Exhibits C-F**.) Therefore, this Notice of Removal has been filed within the time-period mandated by 28 U.S.C. section 1446(b). *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999)

---

[6] This amount is reached as follows: eight hours of pay at $16 an hour equals $128; four hours of pay at $24 an hour equals $96; and twelve hours of pay at $32 an hour equals $384.

[7] One thousand contestants were eliminated in Las Vegas between July 18, 2024 and July 21, 2024, and did not continue in the competition. (**Exhibit B –** FAC, ¶ 66; **Exhibit G** – SAC, ¶ 73). Thus, in the event there is any uncertainty regarding when the remaining contestants were "terminated", Plaintiffs' FAC and SAC put **$18,240,000** "in controversy" solely in the claim for waiting time penalties for these eliminated 1000 contestants ($18,240 x 1000 contestants).

1  ("[T]he defendant's period for removal will be no less than 30 days from service, and
2  in some categories, it will be more than 30 days from service, depending on when the
3  complaint is received."); *Madren v. Belden, Inc.*, No. 12-CV-01706-RMW, 2012 WL
4  2572040, *2 (N.D. Cal. July 2, 2012) (citation omitted) ("removal period began upon
5  execution of the notice and acknowledgement of receipt"); *see also* California Code of
6  Civil Procedure § 415.30(b).

7      21.    Pursuant to 28 U.S.C. section 1441(a), the United States District Court for
8  the Central District is the proper venue for this removal, because the Complaint was
9  filed in Los Angeles, which is within the boundaries of the Central District of California.

10      22.    In accordance with 28 U.S.C. section 1446(d), Specially Appearing
11  Defendants will provide written notice of the filing of this Notice of Removal to counsel
12  of record for Plaintiffs, and a Notice of Filing of Notice of Removal is being filed
13  contemporaneously with the Clerk of the Superior Court of the State of California,
14  County of Los Angeles.

15      23.    In accordance with 28 U.S.C. section 1446(a), copies of all process,
16  pleadings, and orders served upon Specially Appearing Defendants in the State Court
17  Action are attached as Exhibits to this Notice.

18      24.    As required by L.R. 7.1-1, Specially Appearing Defendants concurrently
19  filed their Notice of Interested Parties with this Notice of Removal.

20      25.    Although not required by 28 U.S.C. section 1453, MysticArt and Amazon
21  consent to this Notice of Removal.

22      26.    If any question arises as to the propriety of the removal of this action,
23  Specially Appearing Defendants respectfully requests the opportunity to present a brief,
24  evidence, and oral argument in support of its position that this case is removable.

25      27.    By removing this action to this Court, Specially Appearing Defendants do
26  not consent to jurisdiction in California, and do not waive any defenses, objections or
27  rights available to them under state or federal law.
28  ///

WHEREFORE, Specially Appearing Defendants respectfully request that these proceedings be removed to this Court.

Dated: April 7, 2025

Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By: */s/ Maria C. Rodriguez*
MARIA C. RODRIGUEZ
ARIEL BEVERLY
CLAIRE M. HAGAN
Attorneys for Specially Appearing Defendants
MRB2024, LLC and OFF ONE'S BASE, LLC