1 | BRAD MILLER (State Bar No. 183149)
    bradmiller@dwt.com
2 | CAMILO ECHAVARRIA (State Bar No. 192481)
    CamiloEchavarria@dwt.com
3 | STEPHEN FRANZ (State Bar No. 293958)
    StephenFranz@dwt.com
4 | XIAOCHEN CHEN (State Bar No. 347895)
    xiaochenchen@dwt.com
5 | DAVIS WRIGHT TREMAINE LLP
  350 South Grand Avenue, 27th Floor
6 | Los Angeles, California 90071
  Telephone: (213) 633-6800
7 | Fax: (213) 633-6899

8 | Attorneys for Defendant
  AMAZON ALTERNATIVE LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTESTANT 1, a California resident, CONTESTANT 2, a California resident, CONTESTANT 3, a California resident, CONTESTANT 4, a California resident, CONTESTANT 5, a United States resident, CONTESTANT 6, a United States resident, each individually and on behalf of all others similarly situated, | Case No. **2:25cv3051 CV (KESx)** |
| Plaintiffs, | **DEFENDANT AMAZON ALTERNATIVE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| MRB2024, LLC, a North Carolina Limited Liability Company; OFF ONE'S BASE, LLC, a North Carolina Limited Liability Company; AMAZON ALTERNATIVE LLC, a California Limited Liability Company; MYSTICART PICTURES, LLC and DOES 1-100, inclusive, | **[FRCP §§ 12(B)(6) & 12(E)]**<br><br>Date:    July 18, 2025<br>Time:   1:30 P.M.<br>Ctrm.:  5D |
| Defendants. | Assigned to the Hon. Cynthia Valenzuela<br><br>State Action Removed: April 7, 2025 |

TO PLAINTIFFS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on July 18, 2025, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 5D of the above-captioned court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant Amazon Alternative LLC ("Defendant" or "Amazon") will and hereby does move this Court to dismiss with prejudice Plaintiffs Matthew Rivera, Keshwan Clark, Kory Ingram, Jane Hurst, Gabrielle Mathews, Jordan Santana, and April Holloways' ("Plaintiffs") first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, fifteenth, and sixteenth claims for relief of the Second Amended Complaint ("SAC"), for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Amazon further moves for an order pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement of the claims for relief Plaintiffs are attempting to assert against Amazon the SAC.

This Motion will be based upon this Notice of Motion, the attached Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, all matter upon which this court may or must take judicial notice, and upon such other oral and documentary evidence as may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 6, 2025. *See* Declaration of Stephen Franz (Franz Decl.) at ¶3.

Dated: May 14, 2025

_____
Brad Miller
Camilo Echavarria
Stephen Franz
Xiaochen Chen
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
AMAZON ALTERNATIVE LLC

_____
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

# **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I.     INTRODUCTION ................................................................. 1

II.    FACTUAL BACKGROUND......................................................... 3

    A.    Plaintiffs Were Contestants in the Qualifying Games in Las
       Vegas and Some Were Contestants in the *Beast Games* in
       Canada ........................................................................ 3

    B.    Plaintiffs' Lack of Specific Allegations Towards Amazon ................. 4

    C.    Plaintiffs' Reliance on the Contestant Agreement Does Not
       Establish Amazon's Control Over the Contestants ............................ 7

III.   THE COMPLAINT MUST BE AMENDED FOR A MORE
       DEFINITE STATEMENT UNDER RULE 12(E) ..**ERROR! BOOKMARK
       NOT DEFINED.**

IV.    THE COMPLAINT FAILS TO STATE CLAIMS UPON WHICH
       RELIEF CAN BE GRANTED ..**ERROR! BOOKMARK NOT DEFINED.**

    A.    Legal Standard ................................................................ 8

    B.    Plaintiffs' Claims Must Be Dismissed Because Plaintiffs Fail to
       Allege Amazon Was a Joint Employer, a Prerequisite for Ten of
       the Claims .................................................................... 9

        1.    Plaintiffs Do Not Adequately Plead Amazon is a Joint
             Employer for the "Wage and Hour" Claims (First, Second,
             Third, Sixth, Seventh, Eighth, and Ninth Claims for
             Relief)................................................................ 10

        2.    Plaintiffs Do Not Adequately Plead Amazon Is a Joint
             Employer for the Harassment and Accommodation Claims
             (Fourth, Fifth and Tenth Claims for Relief)...................... 12

            a.    Plaintiffs fail to state claims under California law ........ 12

            b.    Plaintiffs fail to state claims under Nevada law ........... 14

    C.    The Contestant Agreement Does Not Establish Joint
       Employment.................................................................... 15

    D.    Plaintiffs Fail to State Claims for Breach of Implied Contract
       and Breach of Implied Covenant of Good Faith and Fair Dealing .... 17

V.     CONCLUSION.................................................................. 21

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*,
    77 F.3d 364 (11th Cir. 1996) ................................................................8

*Apececche v. White Pine County*,
    96 Nev. 723 (1980) ....................................................................... 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................. 10, 12

*Banner Ent., Inc. v. Super. Ct.*,
    62 Cal. App. 4th 348 (1998) ............................................................ 20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................... 10

*Boucher v. Shaw*,
    124 Nev. 96 (2008) ....................................................................... 12

*DeLeon v. Verizon Wireless, LLC*,
    207 Cal. App. 4th 800 (2012) .................................................... 19, 20

*Dent v. Cox Commc'ns Las Vegas, Inc.*,
    502 F.3d 1141 (9th Cir. 2007) ...........................................................7

*E.E.O.C. v. Waffle House, Inc.*,
    534 U.S. 279 (2002) ...................................................................... 20

*Freeney v. Bank of Am. Corp.*,
    2015 WL 4366439 (C.D. Cal. July 16, 2015) .................................... 12

*Futrell v. Payday Cal., Inc.*,
    190 Cal. App. 4th 1419 (2010) ........................................................ 18

*Goonewardene v. ADP*,
    5 Cal. App. 5th 154 (2016) ............................................................. 11

*Hibbs-Rines v. Seagate Techs., LLC.*,
    2009 WL 513496 (N.D. Cal. Mar. 2, 2009) .................................. 2, 11

*Johnson v. Serenity Transp., Inc.*,
    141 F. Supp. 3d 974 (N.D. Cal. 2015) ................................................................. 12

*Landucci v. State Farm Ins. Co.*,
    65 F. Supp. 3d 694 (N.D. Cal. 2014) ................................................................. 21

*Lazy Y Ranch Ltd. v. Behrens*,
    546 F.3d 580 (9th Cir. 2008) ........................................................................... 7

*Leber v. Berkley Vacation Resorts, Inc.*,
    2009 WL 2252517 (D. Nev. July 27, 2009) ....................................................... 12

*Manukyan v. Cach, LLC*,
    2012 WL 6199938 (C.D. Cal. Dec. 11, 2012) ..................................................... 9

*Martinez v. Combs*,
    49 Cal. 4th 35 (2010) .............................................................. 11, 12, 17-19

*Mendoza v. Town of Ross*,
    128 Cal. App. 4th 625 (2005) ......................................................................... 11

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ......................................................................... 10

*Myles v. Builders Concrete, Inc.*,
    2022 WL 2318176 (E.D. Cal. June 28, 2022) ............................................... 9, 13

*Neilson v. Union Bank of Cal., N.A.*,
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................................. 3

*Nissenbaum v. NNH Cal Neva Servs. Co.*,
    983 F. Supp. 2d 1245 (D. Nev. 2013) ............................................................. 16

*Northstar Fin. Advisors Inc. v. Schwab Invs.*,
    779 F. 3d 1036 (9th Cir. 2015) ..................................................................... 19

*Palmtree Acquisition Corp. v. Neely*,
    2011 WL 3419493 (N.D. Cal. Aug. 4, 2011) ....................................................... 8

*Perez v. DNC Parks & Resorts at Asilomar, Inc.*,
    2019 WL 5618169 (E.D. Cal. Oct. 31, 2019) ..................................................... 13

*Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*,
    11 Cal. App. 4th 1026 (1992) ......................................................................... 20

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

*Robertson v. Dean Witter Reynolds, Inc.*,
　749 F.2d 530 (9th Cir. 1984) ................................................................ 10

*Sagan v. Apple Comp.r, Inc.*,
　874 F. Supp. 1072 (C.D. Cal. 1994) ........................................................8

*Salazar v. McDonald's Corp.*,
　944 F.3d 1024 (9th Cir. 2019) ............................................................. 18

*Swierkiewicz v. Sorema N.A.*,
　534 U.S. 506 (2002) ................................................................................8

*Sykes v. Las Vegas Metro. Police Dep't*,
　2021 WL 5799381 (D. Nev. Dec. 3, 2021) ............................................ 15

*Tanedo v. E. Baton Rouge Parish Sch. Bd.*,
　2012 WL 5447959 (C.D. Cal. Oct. 4, 2012) .............................................4

*Terrell v. Samuel, Son & Co.*,
　2020 WL 5372107 (C.D. Cal. Apr. 23, 2020) ................................... 9, 13

*Thomas v. JPMorgan Chase Bank, N.A.*,
　2015 WL 12683961 (C.D. Cal. Sept. 15, 2015) ................................... 20

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*,
　660 F. Supp. 2d 1163 (C.D. Cal. 2009) ...................................................3

*Vernon v. State of Cal.*,
　116 Cal. App. 4th 114 (2004) ............................................... 11, 14, 15

*Warner Bros. Int'l Television Distrib. v. Golden Channels & Co.*,
　522 F. 3d 1060 (9th Cir. 2008) .......................................................... 19

*Yang v. Actionet, Inc.*,
　2015 WL 13385917 (C.D. Cal. July 21, 2015) .................................... 15

**Statutes**

California's Fair Employment and Housing Act ........................... 11, 14

Civ. Code, § 1621 ................................................................................ 19

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

Nevada Revised Statutes ("NRS") ................................................................. 12
    NRS 200.571 ........................................................................................... 15, 16
    NRS 284.010 .................................................................................................. 16
    NRS 284.317 and 284.379 ........................................................................... 16
    NRS 613.330 .................................................................................................. 16

**Rules**

Federal Rule of Civil Procedure
    Rule 8(a)(2) .................................................................................................... 10
    Rule 12 ............................................................................................ 2, 8-11, 21

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

# I.    INTRODUCTION

Plaintiffs' claims against Amazon Alternative LLC  ("Amazon") are doomed to fail as a matter of law because they are based on either a fictitious joint employment relationship or a nonexistent implied contract. Amazon did not produce the *Beast Games* television series from which this lawsuit arises; Amazon functions only as the distributor of that series.  Plaintiffs do not allege any facts that would support an employment or contractual relationship (whether joint, implied or otherwise) with Amazon. Plaintiffs therefore do not have any legal relationship with Amazon upon which to assert their claims against Amazon, and accordingly, the Second Amended Complaint ("SAC") should be dismissed as to Amazon.

*Beast Games* is an innovative competition series filmed and produced in Toronto, Canada by defendants MrB2024 and Off One's Base (the "Beast Defendants"). Based on Jimmy "MrBeast" Donaldson's successful YouTube channel, *Beast Games* featured 1,000 contestants competing for the largest cash prize in the history of television or streaming content (*i.e.,* over five million dollars and other prizes). As a precursor to *Beast Games*, the Beast Defendants organized Qualifying Games that included 2,000 contestants, half of which were eliminated within three days through four games. The Beast Defendants filmed and produced these "Qualifying Games" in Las Vegas, Nevada for MrBeast's exclusive distribution on his YouTube channel. Although Amazon distributes the television series *Beast Games* on its affiliated Prime Video streaming service, Amazon did ***not*** produce the Qualifying Games or exhibit them on Prime Video.

This lawsuit arises from the participation of the seven individual plaintiffs ("Plaintiffs") in the Qualifying Games and, for those who made it through, in the actual *Beast Games*. Plaintiffs' SAC asserts seventeen claims for relief, including various wage and hour claims and claims for harassment, failure to provide accommodation, breach of contract, and unfair competition. To obfuscate the defects in Plaintiffs' claims against Amazon, the SAC critically fails to distinguish between

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

the Qualifying Games and the *Beast Games* (amalgamating them simply as "Beast Games"), and likewise fails to distinguish between Amazon and the Beast Defendants, lumping them together as "Defendants." This sloppy pleading has legal consequences that compel dismissal as a matter of law: it lacks the requisite specificity regarding each defendant entity's actual underlying conduct (or lack thereof). Plaintiffs' improper and conclusory allegations fail to allege a cognizable claim against Amazon under FRCP Rules 12(b)(6) and 12(e).

Amazon did not employ any of the individual Plaintiffs, nor can it be considered a "joint employer" with the Beast Defendants. The SAC's first ten claims (which are all predicated on Amazon's alleged "joint employment" of Plaintiffs) must be dismissed because the SAC does not allege *any facts* that would evidence an employment relationship between Amazon and the Plaintiffs. The mere allegation that Amazon was a "joint employer," without supporting facts, is an unsubstantiated legal conclusion that is not entitled to an assumption of truth under Rule 12(b)(6). Foundationless allegations that Defendants collectively had the authority to control wages, hours, or other material working conditions of the Plaintiffs are too vague, imprecise, and conclusory to establish the requisite "employment" relationship or provide Amazon with adequate notice of the conduct from which its liability allegedly arises. It is impossible to determine from the face of the SAC which defendant owed which duties to Plaintiffs or which defendant allegedly took the actions that form the basis of the claims.

Plaintiffs' claims for Breach of Implied Contract and Breach of Implied Covenant of Good Faith and Fair Dealing likewise fail to state a claim against Amazon. Since Amazon had no contractual relationship with the contestant Plaintiffs, these claims are based on the unsupported theory that Amazon entered into an implied contract with Plaintiffs and the putative class. But no allegations show mutual assent to any purported contract with contestants. Indeed, the SAC does not allege that any contestants interacted with Amazon related to their participation in

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

*Beast Games*. Nor can a claim for breach of the implied covenant survive when there is no underlying contract with Amazon.

For these reasons, the claims asserted against Amazon in the SAC are legally deficient and should be dismissed.

## II.    FACTUAL BACKGROUND

### A.    Plaintiffs Were Contestants in the Qualifying Games in Las Vegas and Some Were Contestants in the *Beast Games* in Canada

Plaintiffs acknowledge that the "Untitled YouTube Competition" (*i.e.,* the Qualifying Games) was conducted separate from the *Beast Games*. (SAC ¶ 35.) As detailed in the Contestant Agreement[1] (which Plaintiffs refer to as the "BGA"), the two contests were separate and Amazon was only involved with the *Beast Games*:

> I have volunteered to participate as a contestant in the YouTube show currently entitled "Untitled YouTube Competition" (*working title*) ("**YouTube Project**") produced by Off One's Base LLC ("**OOB**") and currently anticipated for initial exhibition on YouTube, and, if I qualify, the audiovisual program currently entitled "Beast Games" (*working title*) ("**Beast Games**" and together with YouTube Project, collectively, "**Program**") produced by MrB2024, LLC ("**MrB2024**", and together with OOB, collectively, "**Producer**") currently anticipated for initial exhibition by Amazon Alternative LLC or any station, platform, services or network owned, controlled and/or operated by Amazon Alternative LLC or any of its parent, subsidiary, or affiliated entities (collectively, "**Network**") and/or any other station, platform, service or network in connection with the Program.

*See* Request for Judicial Notice ("RJN") and Declaration of Stephen Franz ("Franz Decl.") at ¶ 2, Ex. A [Contestant Agreement].)[2]

---

[1] While Amazon disputes that the contests in which the Plaintiffs engaged gave rise to any employment or working relationship whatsoever, for purposes of these motions, Amazon accepts those allegations to be true.

[2] Plaintiffs heavily rely on the Contestant Agreement in the SAC. Courts can take judicial notice of contracts when ruling on motions to dismiss because documents were referenced by but not attached to the plaintiff's complaint. *See, e.g.*, *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1174 (C.D. Cal. 2009) ("United Guaranty does not attach any policy contracts to the

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

The Qualifying Games took place in Las Vegas, and the *Beast Games* took place in Canada. All seven of the Plaintiffs participated in the Qualifying Games, but only four of them participated in *Beast Games* in Canada. (SAC ¶¶ 133-139 [Plaintiffs Rivera, Hurst, and Holloway only participated in the Qualifying Games in Las Vegas].) Moreover, the allegations of mistreatment are overwhelmingly focused on the Qualifying Games in Las Vegas. (*See e.g.*, SAC ¶¶ 55, 58-63, 73-75, 91-93, 96, 98, 99, 103-105, 106-112, 129 [allegations concerning what transpired in the Qualifying Games].) Of the alleged mistreatment of Plaintiffs, only one of the seven (Santana) alleges specific mistreatment during the *Beast Games* in Canada. (SAC ¶¶ 133-139.)

## B.   The SAC Lacks Specific Allegations Concerning Amazon

Plaintiffs make the conclusory assertion that Amazon was their "joint employer" for Beast Games. (SAC ¶¶ 24, 42, 260.) But the SAC does not (and cannot) allege any facts to support their asserted legal conclusion that Amazon was Plaintiffs' "joint employer." The SAC's allegations about Amazon's *actual* conduct towards Plaintiffs on Beast Games are limited to ***three isolated, conclusory statements***:

1.   Amazon must approve class members' social media posts. (SAC ¶ 6.)
2.   Amazon publicized and marketed Beast Games. (SAC ¶¶ 27, 29, 120.)

---

[amended complaint] … The Court takes judicial notice of the contracts' provisions … Judicial notice is proper because the contracts are integral to the complaint and no party disputes the contracts' identity and accuracy."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003) (judicial notice requested by a defendant of documents was proper because those documents were "contracts between Pacific Inland Bank and putative class members that provide the foundation for plaintiffs' claims[,] [and] '[a] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies'"); *Tanedo v. E. Baton Rouge Parish Sch. Bd.*, SA CV10-01172 JAK, 2012 WL 5447959 at *4 n.5 (C.D. Cal. Oct. 4, 2012) ("The Court may take judicial notice of these contracts.").

3. Amazon arranged travel for contestants. (SAC ¶¶ 50, 126.)

These allegations fall far short of establishing joint employment by Amazon, let alone liability for anything. The SAC does not allege, for example, that Amazon itself controlled (or had any role whatsoever) hiring, firing, wages, hours, or material working conditions of Plaintiffs. Nor does not the SAC allege that Amazon had power to make a decisions pertaining to contestants or Beast Games itself, or that Amazon engaged them to work, paid them, or supervised their performance.

Rather, the SAC lumps Amazon and the Beast Defendants together indiscriminately, alleging a series of conclusory, undifferentiated claims about the "Defendants", without alleging facts to support a joint relationship. For example (emphasis added):

- "Production staff hired by Beast Defendants and Amazon [*i.e.,* "**Defendants**"] … encouraged a culture of aggressive misogyny and sexism[.]" (SAC ¶ 9.)
- "Defendants' agent … assist[ed] **Defendants** with staffing the Beast Games with contestants." (SAC ¶ 30.)
- "**Defendants** Amazon, Off One's Base, and MrBeast were joint employers of the Class Members, either directly or impliedly by contract." (SAC ¶ 42.)
- "**Defendants** compensated the Class Members for their work on the Production with 'in-kind' compensation, fringe benefits, and $2,000 in 'prize money' that was belatedly 'gifted' to every contestant who competed, regardless of when they were eliminated (as long as they did not voluntarily withdraw)." (SAC ¶ 49.)
- "**Defendants** engage and/or suffered and permitted the Class Members to work, and they exercised total control over the manner, means, and timing of the work, including by controlling essentially every aspect of the Class Members' lives during the weeks-long production – and unlawfully exerting contractual control for years thereafter." (SAC ¶ 53.)

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

- **"Defendants** required the contestant-workers to be physically present on specific dates and times, around-the-clock, at locations dictated, controlled, and supervised by them, which dates and locations they were entitled to change 'in their sole discretion.'" (SAC ¶ 54.)

- **"Defendants** corralled the contestant-workers into tightly controlled indoor spaces where they were actively supervised by Production Staff around-the-clock without any privacy." (SAC ¶ 56.)

- "As a condition of their employment, **Defendants** required each Contestant to enter into a contract-of-adhesion that was drafted by them, which Plaintiffs and the Proposed Class were given to sign under expedient circumstances." (SAC ¶ 77.)

- "All of the foregoing demonstrates how oppressively one-sided the 'take-it-or-leave-it' BGA terms were, in favor of the more powerful **Defendants**, and how much control they exercised over every aspect of the contestant-workers' labor on behalf of the Beast Games Production." (SAC ¶ 83.)

- "**Defendants** hired numerous contestant-workers for work on the Production ...." (SAC ¶ 107.)

Finally, with respect to the allegations set forth in the seventeen claims for relief,[3] Plaintiffs lump "Defendants" together and do not differentiate between Amazon and the Beast Defendants to assert the claims. (SAC ¶¶ 160-280.)

---

[3] Plaintiffs assert claims for: (1) Failure to Pay Minimum Wages; (2) Liquidated Damages for Failure to Pay Minimum Wages; (3) Failure to Pay Overtime; (4) Sexual Harassment; (5) Failure to Prevent Harassment; (6) Failure to Provide Meal Breaks; (7) Failure to Provide Rest Breaks; (8) Failure to Pay Wages Upon Termination; (9) Failure to Provide Accurate and Itemized Wage Statements; (10) Failure to Provide Reasonable Accommodations; (11) Unfair Business Practices (unfair influence on competition); (12) Unfair Business Practices (unconscionable contract); (13) Unfair Business Practices (false advertising); (14) Breach of Contract [alleged only against MrB2024 and Off One's Base]; (15) Breach of Implied Contract

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

## C.    <u>The Contestant Agreement Does Not Establish Amazon's Control Over the Contestants</u>

Plaintiffs also rely on the BGA (Contestant Agreement) to support their claims against Amazon. As they must, however, Plaintiffs admit that the BGA is between Plaintiffs and the Beast Defendants, *not* Amazon. (SAC ¶ 250; *see also* Franz Decl. at Ex. A.)

Specifically, Plaintiffs rely on paragraph 4 of the BGA to allege that "[t]he BGA [Beast Games Agreement] gave Beast Defendants and Amazon (collectively "**Defendants**") the right to control who served as contestant-workers, including the right to, in their 'sole discretion,' render any contestant-worker ineligible to work, or conversely, allow that contestant-worker to continue working, on the Program, depending on that contestant-worker's responses to the BGA. BGA at ¶ 4." (SAC ¶ 32 [citation to BGA in SAC].) But review of paragraph 4 plainly refutes this contention – that paragraph provides only that a contestant may be ineligible if they have a conflict of interest due to their connections with individuals involved in the Program's production. (Franz Decl. at Ex. A, ¶ 4.) This provision says nothing about Amazon's control over the contestants who actually participate in *Beast Games*.

Relying on paragraph 12 of the BGA, Plaintiffs further allege "[t]he BGA gave Defendants the right to control the contestant-workers' duration and location of their engagement as reality show contestant-workers, and even after." *Id.* at ¶ 12." (SAC ¶ 33.) With respect to Amazon, however, Paragraph 12 only provides that Amazon and the Producers could set the dates and location of the production. (Franz Decl. at Ex. A, ¶ 12.) This provision says nothing about Amazon's control over the contestants who actually participate in *Beast Games*.

---

[alleged only against Amazon]; (16) Breach of Implied Covenant of Good Faith and Fair Dealing; and (17) Declaratory Relief.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

Lastly, Plaintiffs rely on paragraphs 12, 17, and 34 of the BGA to allege that "[t]he BGA gave Defendants the right to control the 'procedures and rules as established by [Beast Defendants] and [Amazon]' including how the workers worked (e.g., the 'Challenges'), and what the contestant-workers would be paid (e.g. the 'Prize(s)') *Id.* at ¶ 12, 17.  34." (SAC ¶ 34.) Not so as to Amazon. Paragraph 34 only concerns the Beast Defendants, and paragraph 12 (as noted above) only provides that Amazon and the Producers could set the dates and location of the production. (Franz Decl. at Ex. A, ¶¶ 12, 34.) Paragraph 17 only states that prizes to be awarded "shall be subject to such procedures and rules as established by Producer and Network, including the Official Rules …." (*Id.* at ¶ 17.)

Accordingly, the BGA—to which Amazon is not a party—is not evidence of Amazon's control over Plaintiffs or any putative class member.

## III.     THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AGAINST AMAZON

### A.     <u>Legal Standard</u>

Dismissal under Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or the absence of "sufficient facts" alleged "under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (to survive a motion to dismiss, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief").

Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557). While factual allegations must be accepted as true, legal conclusions are not entitled to the assumption of truth. *Twombly*, 550 U.S. at 555. A motion under Rule 12 (*e.g.*, a motion for more definite statement) may be joined with any other motion allowed under Rule 12 (*e.g.*, a motion to dismiss). Fed. R. Civ. P. 12(g).

**B.**    **Claims 1-10 Must Be Dismissed Because Plaintiffs Fail to Adequately Plead Amazon Was a Joint Employer**

Plaintiffs assert Amazon was their "joint employer" for *Beast Games* (SAC ¶¶ 24, 42, 260) and ten claims are predicated on this purported employment relationship: (1) Failure to Pay Minimum Wages; (2) Liquidated Damages for Failure to Pay Minimum Wages; (3) Failure to Pay Overtime; (4) Sexual Harassment; (5) Failure to Prevent Harassment; (6) Failure to Provide Meal Breaks; (7) Failure to Provide Rest Breaks; (8) Failure to Pay Wages Upon Termination; (9) Failure to Provide Accurate Wage Statements; and (10) Failure to Provide Reasonable Accommodations. Each of these claims imposes liability only on an individual's "employer," as that term is defined under law. *See, e.g., Martinez v. Combs*, 49 Cal. 4th 35, 50 (2010) (finding only an employer can be liable for California Labor Code violations); *Vernon v. State of Cal*., 116 Cal. App. 4th 114, 123-26 (2004) (holding that California's Fair Employment and Housing Act (FEHA) prohibits only an "employer" from engaging in improper discrimination); *Mendoza v. Town of Ross*, 128 Cal. App. 4th 625, 637 (2005) (dismissing FEHA-based claims because plaintiff did not show that she was employed by defendant).

But the SAC conspicuously lacks any facts actually establishing that Amazon employed the Plaintiffs. The mere allegation that Amazon was a "joint employer," absent supporting facts, is an unsubstantiated legal conclusion that is not entitled to

an assumption of truth under 12(b)(6). *See Hibbs-Rines v. Seagate Techs., LLC.,* 2009 WL 513496, at *14-15 (N.D. Cal. Mar. 2, 2009) (finding dismissal of joint employer allegations was proper because they were legal conclusions, not factual allegations). The SAC does not allege "factual content that allows the court to draw the reasonable inference that [Amazon] [is] liable for the misconduct alleged" as a joint employer. *See Iqbal*, 556 U.S. at 678.

> **1.    Plaintiffs Do Not Adequately Plead Amazon is a Joint Employer for the "Wage and Hour" Claims (First, Second, Third, Sixth, Seventh, Eighth, and Ninth Claims for Relief)**

The First, Second, Third, Sixth, Seventh, Eighth, and Ninth Claims for Relief in the SAC concern alleged wage and hour violations under Nevada and California law. To establish joint employment liability under the California Labor Code, a plaintiff must plead that the alleged joint employer was able (a) to exercise control over the wages, hours or working conditions, or (b) to suffer or permit to work, or (c) to engage, thereby creating a common law employment relationship. *See Martinez*, 49 Cal. 4th at 64. As the test for wage and hour claims under the Nevada Revised Statutes ("NRS") is similarly based on "control," the same joint employment analysis applies to Plaintiffs' California and Nevada wage and hour claims. *See Leber v. Berkley Vacation Resorts, Inc*., 2009 WL 2252517, at *6 (D. Nev. July 27, 2009) ("For purposes of Nevada's wage and hour laws, an employer is defined as 'every person having control or custody of any employment, place of employment or any employee.'") (quoting *Boucher v. Shaw*, 124 Nev. 96 (2008)).

Plaintiffs' allegations fall far short of the legal standard for pleading joint employment. "[A] plaintiff seeking to hold multiple entities liable as joint employers must plead **specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each**." *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *18 (C.D. Cal. July 16, 2015) (emphasis added); *see also Johnson v. Serenity Transp., Inc.*, 141 F. Supp. 3d 974, 990 (N.D. Cal. 2015)

1  ("[A] plaintiff seeking to hold multiple entities liable as joint employers must plead

2  specific facts that explain how the defendants are related and how the conduct

3  underlying the claims is attributable to each defendant."). Stated differently, "[t]o

4  make a plausible joint employer claim, plaintiff must allege some specific facts such

5  as whether defendant pays the employee's salary and taxes, owns the equipment

6  necessary for the employee to perform his job, has authority to hire, train, fire, or

7  discipline the employee, or has discretion to set the employee's salary." *Perez v.*

8  *DNC Parks & Resorts at Asilomar, Inc.*, 2019 WL 5618169, at *7 (E.D. Cal. Oct. 31,

9  2019)) (internal quotation marks and citation omitted).

10  Here, the SAC does not (and cannot, as consistent with Rule 11) allege any

11  facts to support Plaintiffs' legal conclusion that Amazon was their "joint employer."

12  The SAC's allegations about Amazon's relationship with Plaintiffs are limited to a

13  handful of isolated, conclusory statements to the effect that Amazon must approve

14  class members' social media posts, Amazon marketed *Beast Games*, and Amazon

15  made travel arrangements for contestants. (SAC ¶¶ 6; 27, 29, 50, 120, 126.) These

16  allegations fall far short of establishing joint employment by Amazon. The SAC does

17  not allege, for example, that Amazon itself controlled hiring, firing, wages, hours, or

18  material working conditions of Plaintiffs. Nor does it allege that Amazon had power

19  to make any decisions pertaining to contestants or Beast Games itself, or that

20  Amazon engaged them to work, paid them, or supervised their performance.

21  At bottom, the SAC does not allege how or why Amazon was liable for any of

22  the wage and hour claims (either through a joint employment theory or otherwise). It

23  is similarly devoid of any specific facts showing that Amazon exercised control over

24  Plaintiffs. As it is impossible to determine from the face of the SAC which defendant

25  owed which duties to Plaintiffs or exerted control over the Plaintiffs. Plaintiffs do not

26  put Amazon on proper notice of its alleged wrongdoing. Dismissal is therefore

27  appropriate. *Terrell*, 2020 WL 5372107, at *3 (dismissing complaint alleging joint

28  employment because plaintiff's allegations were "entirely devoid of the necessary

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

differentiation between defendants to determine the 'totality of the working relationship of the parties"') (citation omitted); *Myles*, 2022 WL 2318176, at *3 (finding joint employer relationship between four defendants insufficiently pled where the allegations of the FAC regarding the four defendants are "entirely undifferentiated").

### 2. Plaintiffs Do Not Adequately Plead Amazon Is a Joint Employer for the Harassment and Accommodation Claims (Fourth, Fifth and Tenth Claims for Relief)

Plaintiffs also allege the Fourth (Sexual Harassment under Nevada law and FEHA), Fifth (Failure to Prevent Harassment under FEHA), and Tenth (Failure to Provide Reasonable Accommodation under Nevada law and FEHA) claims for relief against Amazon. These claims similarly fail.

#### a. Plaintiffs fail to state claims under California law

California law provides that a defendant's liability as a joint employer under FEHA depends on the degree of control it exerts over the plaintiffs. *See Vernon*, 116 Cal. App. 4th at 130-31 (2004). In *Vernon*, the trial court sustained the defendant's demurrer on the grounds that it was not plaintiff's joint employer because it did not exercise ultimate control over plaintiff's employment and did not compensate, hire, train, schedule, or supervise him. *Id.* In affirming the trial court, the Court of Appeal held that to be a joint employer under FEHA, a defendant must exert a "significant" degree of control over the employee and "there must be a 'sufficient indicia of an interrelationship … to justify the belief on the part of an aggrieved employee that the [alleged coemployer] is jointly responsible for the acts of the immediate employer.'" *Id.* at 126 (citation omitted).

Like the wage and hour claims discussed at length in Section III.B.1.a, *supra*, the SAC does not state any facts that Amazon was involved with any alleged failure to accommodate or harassment, or that Amazon exercised any control over Plaintiffs to be considered their joint employer. The SAC instead proffers non-specific and

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

conclusory "group pleading" allegations concerning these claims that lump Amazon together with the other defendants.

With respect to failure to accommodate, the allegations relate to "Defendants" failing to provide putative class members with access to their medications *during the Qualifying Games*. (*See* SAC ¶¶ 106-112; *see also Id.* at ¶¶ 136 [Plaintiff Hurst alleging that she did not have access to her medicine while in Las Vegas], 137 [Plaintiff Mathews alleging that she did not have access to feminine products while in Las Vegas], 139 [Plaintiff Holloway alleging that she did not have access to her medicine while in Las Vegas].) Plaintiffs fail to allege that Amazon was involved with the Qualifying Games, or that Amazon did not accommodate Plaintiffs or the putative class members, or even that contestants were not accommodated in Canada during the filming of the *Beast Games.*

With respect to harassment, the undifferentiated group allegations focus on alleged harassment that took place *during the Qualifying Games*. (*See* SAC ¶¶ 87, 91-100.) Plaintiffs also allege conduct by the Beast Defendants, but nothing at all about Amazon. (*Id.*) The only allegations of harassment from the *Beast Games* filmed in Canada is Plaintiff Santana's contention that a male competitor in Toronto was verbally abusive to her. (SAC ¶ 138.) Again, there are no allegations related to Amazon.

The SAC does not establish what actions Amazon took to exhibit the requisite control over the terms and conditions of Plaintiffs' activity that would create a joint employment relationship for these three claims for relief. Plaintiffs' conclusory allegations fail to provide Amazon with proper notice of the claims against it and dismissal is appropriate. *See, e.g.*, *Yang v. ActioNet, Inc.*, 2015 WL 13385917, *5-6 (C.D. Cal. July 21, 2015) (citing *Vernon* and dismissing entire complaint against defendant where plaintiff failed to sufficiently allege facts establishing a joint employer relationship).

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

### b.    Plaintiffs fail to state claims under Nevada law

Plaintiffs' Fourth and Tenth Claims for Relief also fail under Nevada law. *First*, Plaintiffs assert the Fourth Claim for Relief for Sexual Harassment under NRS 200.571. However, "NRS 200.571 is a criminal statute which does not create a civil cause of action." *Sykes v. Las Vegas Metro. Police Dep't*, 2021 WL 5799381, at *5 (D. Nev. Dec. 3, 2021) (dismissing NRS 200.571 claim in civil lawsuit "with prejudice as amendment would be futile"). Plaintiffs' claim under Nevada law is therefore futile and must be dismissed.

*Second*, Plaintiffs assert the Tenth Claim for Relief for Failure to Provide Reasonable Accommodation under NRS 284.317, 284.379, and 613.330. NRS 284.317 and 284.379, however, are within Chapter 284 of the NRS, which pertains to *public employees* from the State Human Resources System. *See, e.g.*, NRS 284.010 ("the proper administration of the Executive Department of our State Government requires the enactment of this chapter"). Plaintiffs obviously cannot state a claim under these statutes.

As for NRS 613.330, courts analyze such claims by applying the same standards as those used to examine Title VII claims – the "economic realities test," namely "the extent of the employer's right to control the means and manner of the worker's performance." *See Nissenbaum v. NNH Cal Neva Servs. Co.*, 983 F. Supp. 2d 1245, 1259 (D. Nev. 2013) (noting that for Title VII and NRS 613.330 claims courts inquire as to the "economic realities" of the situation); *see also Apeceche v. White Pine County*, 96 Nev. 723, 726-27 (1980).

The SAC thus lacks any allegations that Amazon was involved in any way with harassment or failure to accommodate. Nor are there allegations showing any type of control over the means and manner of the Plaintiffs' alleged activity. Dismissal of these claims are similarly appropriate.

## C.    <u>The Contestant Agreement Does Not Establish Joint Employment</u>

Amazon anticipates that Plaintiffs will argue that the Contestant Agreement (the BGA) and related allegations establishes a joint employment relationship. It does not, as the actual language of the BGA repudiates Plaintiffs' characterization in the SAC. The actual terms of the contract "will be given precedence, and the pleader's inconsistent allegations as to the meaning and effect of an unambiguous document will be disregarded." 4 Witkin, Cal. Proc. 6th Plead § 443 (6th Ed. 2023); *see also Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) ("we need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice"); *Dent v. Cox Commc'ns Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007) (granting dismissal of portion of claim contradicted by a document not attached to complaint because its authenticity was not disputed and it was "integral to [Plaintiff]'s claim").

*First,* the BGA does not provide Amazon with sufficient control over the conditions surrounding the contestant's participation. (Franz Decl. at Ex. A.) Indeed, contestants understood their appearance in the Production was subject to the MrBeast Defendants' "sole discretion." (*Id.* at ¶ 12.) Contestants agreed that the MrBeast Defendants exerted control over the terms and conditions of the competition. Contestants agreed to "cooperate and to follow all directions of" the MrBeast Defendants and acknowledged that the MrBeast Defendants' "decisions on all matters relating to the Program (including, without limitation, contestant selection, the playing of any Challenge … the success or failure of completing any Challenge, the awarding of any prize…[r]ules … and rules interpretations, eliminations, disqualifications, eligibility determinations, technical difficulties and all decisions related thereto) shall be final, binding and not subject to challenge or appeal." (*Id.* at ¶ 12.) Contestants acknowledged that their success or failure in the competition and amount of any prize winnings may be affected by the actions of the MrBeast Defendants. (*Id.* at ¶ 17.) Each contestant also "agree[d] to immediately contact

[MrBeast Defendants] if I feel sexually, racially, or otherwise harassed by, threatened by, or uncomfortable with the conduct of any other individual connected with the Program at any time." (*Id.* at ¶ 31.)

**Second,** even if Plaintiffs could cherry pick some stray language in the Contestant Agreement, the key inquiry for this Court is *actual control* exerted by Amazon. As explained in *Martinez*, 49 Cal. 4th at 71-72, courts examine whether an entity exercises *actual* control as opposed to whether control is merely evidenced by contractual terms of a business relationship. In *Martinez*, agricultural workers brought suit against a strawberry grower and the merchants through whom the fruit was sold alleging claims for unpaid wages. The plaintiffs argued that the merchants, based on their contractual relationships with the grower, were liable as joint employers. The California Supreme Court rejected plaintiffs' argument, holding that the merchants did not exercise sufficient control over wages, hours, or working conditions to be liable. *Id.*

In so holding, the Court rejected plaintiffs' contention that the merchants, by employing field representatives to oversee quality control and contract compliance, became joint employers of plaintiffs. *Id.* at 75-77. Recognizing that the nature of the work necessitated limited supervision by the merchants, the Court discussed the contractual relationship between the grower and the merchants – including the fact that the merchants' representatives instructed the workers on how the fruit should be packed, checked the packed containers for compliance with the merchants' standards, brought problems to the attention of the grower and his foremen, and occasionally spoke with the workers themselves regarding mistakes. *Id.* The Court held that such limited supervision for the purpose of quality control and contract compliance was insufficient "control" for the purposes of establishing a joint employment relationship under California law. *Id.* at 76.

The alleged conduct of the merchants' representatives in *Martinez* are similar to the only specific allegations in the SAC about Amazon – *i.e.*, that Amazon has

approval over social media posts, that Amazon arranged travel for contestants, or that Amazon had the right to publicize and market Beast Games after the contest concluded. (SAC ¶¶ 6, 27, 29, 50, 120, 126.)

Moreover, irrespective of the BGA, the SAC does not allege that Amazon actually exercised *any* "control" over contest-related decisions involving the Plaintiffs, like for example, selecting contestants, communicating with them, determining or deciding the "terms and conditions" of competing or the contest itself, eliminating contestants, or issuance of prize money to contestants, to name a few. *See Salazar v. McDonald's Corp.*, 944 F.3d 1024, 1028 (9th Cir. 2019) (finding no joint employment where putative joint employer "d[oes] not retain or exert direct or indirect control over plaintiffs' hiring, firing, wages, hours, or material working conditions"). In addition, California courts have concluded that "'control over wages' means that a person or entity has the power or authority to negotiate and set an employee's rate of pay." *Futrell v. Payday Cal., Inc.*, 190 Cal. App. 4th 1419, 1432 (2010). The SAC does not allege that Amazon had any such power.

In sum, the SAC lacks sufficient facts to lead to a plausible inference that Amazon was a joint employer of Plaintiffs and cannot survive a 12(b)(6) motion. There are no facts alleged in the SAC that, even if true, would establish that Amazon (1) exercised control over Plaintiffs' wages, hours or working conditions, (2) had any authority to hire or terminate Plaintiffs, or (3) engaged Plaintiffs in an employment relationship. *See Martinez*, 49 Cal. 4th at 64.

**D.  Plaintiffs Fail to State Claims for Breach of Implied Contract and Breach of Implied Covenant of Good Faith and Fair Dealing**

The SAC asserts the Fifteenth (Breach of Implied Contract) and Sixteenth (Breach of Implied Covenant of Good Faith and Fair Dealing) Claims for Relief against Amazon, alleging that Amazon "impliedly" entered into the BGA with Class Members. (SAC ¶ 259.) These claims fail because the SAC alleges no facts alleged to support the existence of an implied contract between Plaintiffs and Amazon.

17

"An implied contract is one, the existence and terms of which are manifested by conduct." Civ. Code, § 1621. "An implied-in-fact contract **requires proof of** the same elements necessary to evidence an express contract: **mutual assent or offer and acceptance, consideration, legal capacity and a lawful subject matter**." *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F. 3d 1036, 1050-51 (9th Cir. 2015) (emphasis added). Whether express or implied in fact, "[m]utual assent is essential to an implied contract, the distinction from an express contract being merely that the promise is implied by conduct rather than expressed in words." *Warner Bros. Int'l Television Distrib. v. Golden Channels & Co.*, 522 F. 3d 1060, 1069 (9th Cir. 2008). Mutual assent "is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." *DeLeon v. Verizon Wireless, LLC*, 207 Cal. App. 4th 800, 813 (2012) (citation omitted). "[T]he failure to reach a meeting of the minds on all material points prevents the formation of a contract *even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract*." *Banner Ent., Inc. v. Super. Ct.*, 62 Cal. App. 4th 348, 359 (1998).

Plaintiffs' allegations fall woefully short of establishing an implied contract. Plaintiffs only make conclusory statements that an implied-in-fact contract exists given the "circumstances surrounding the contestant-workers' engagement under the BGA, including the behavior of the parties." (SAC ¶ 260.) But no allegations evidence mutual assent, or offer and acceptance. Indeed, no allegations state that Plaintiffs or anyone from the putative class had any interactions with anyone at Amazon at any time (other than allegedly arranging travel). The SAC alleges no facts showing "outward manifestations or expressions" by both Amazon and contestants to establish an implied contract. *DeLeon*, 207 Cal. App. 4th at 813.

Instead, the implied contract claim appears to be premised exclusively on the notion that the BGA—a written contract between Plaintiffs and the Beast

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT

Defendants—somehow gives rise to an implied contract between Plaintiffs and Amazon because its terms reference Amazon. Such a notion has no basis in law or fact. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.")

Plaintiffs similarly fail to state a Breach of Implied Covenant of Good Faith and Fair Dealing claim. At its foundation, there can be no breach of the implied covenant of good faith and fair dealing without an underlying contract. *Thomas v. JPMorgan Chase Bank, N.A.*, 2015 WL 12683961, at *4 (C.D. Cal. Sept. 15, 2015); *Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*, 11 Cal. App. 4th 1026, 1032 (1992). The SAC does not allege the existence of a valid, underlying contract between Amazon and the Plaintiffs to which an implied covenant of good faith and fair dealing could attach. On this basis alone, the Court should dismiss Plaintiffs' sixteenth claim for relief. *Thomas*, 2015 WL 12683961, at *4 (dismissing good faith and fair dealing claim when no contract existed).

Even assuming *arguendo* that the SAC alleged a valid contract between Amazon and Plaintiffs, when a plaintiff brings both a breach of contract and a breach of the implied covenant claim, the latter will be superfluous and subject to dismissal if both claims rely on the same alleged breach. *See Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 716 (N.D. Cal. 2014) (citation omitted). Here, the SAC states that both Plaintiffs' claim for breach of implied contract and claim for breach of the implied covenant of good faith and fair dealing are based on the allegation that Amazon violated the provisions of the BGA. (*See* SAC ¶¶ 264-265; 270-272.) Thus, the Fifteenth Claim for Relief is duplicative and should be dismissed with prejudice.

## IV.    ABSENT DISMISSAL, THE COMPLAINT SHOULD BE AMENDED FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)

Under Rule 12(e), a party may move for a more definite statement "[i]f a pleading … is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506,

514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."). It also may be granted where "the complaint is so general that ambiguity arises in determining the nature of the claim." *Palmtree Acquisition Corp. v. Neely*, 2011 WL 3419493, at *2 (N.D. Cal. Aug. 4, 2011) (quoting *Sagan v. Apple Comp., Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)). An order for a more definite statement serves the Court's and the parties' interests because, "[u]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) (finding trial court should have instructed plaintiff's counsel to provide more definite statement).

Likewise, "[a] court should dismiss a complaint that makes undifferentiated allegations against multiple defendants, because such a complaint fails to put each defendant on notice of the alleged wrongdoing." *Manukyan v. Cach, LLC*, 2012 WL 6199938, at *3 (C.D. Cal. Dec. 11, 2012). "[A] lack of differentiation in the allegations against multiple defendants is typically cause for dismissal in any context, let alone the joint employer context." *Terrell v. Samuel, Son & Co.*, 2020 WL 5372107, at *3 (C.D. Cal. April 23, 2020) (dismissing complaint alleging joint employment because plaintiff's allegations were "entirely devoid of the necessary differentiation between defendants to determine the 'totality of the working relationship of the parties'") (citations omitted); *Myles v. Builders Concrete, Inc.*, 2022 WL 2318176, at *3 (E.D. Cal. June 28, 2022) (finding joint employer relationship between four defendants insufficiently pled where the allegations of the FAC regarding the four defendants are "entirely undifferentiated").

Plaintiffs' claims against Amazon must be dismissed because the allegations lack differentiation among multiple defendants. Except for Claims Fourteen (against the Beast Defendants) and Fifteen (against Amazon), Plaintiffs' other Claims for

20

Relief (*i.e.*, 1-13, 16-17) are alleged collectively against "Defendants." Even though Amazon distributes the *Beast Games* television series, Plaintiffs' allegations misleadingly lump Amazon with the Beast Defendants, the entities who actually **produced** the Beast Games and employed the Plaintiffs. Worse still, Plaintiffs' allegations lump Amazon with events that took place in the Qualifying Games in Las Vegas, which Amazon did not organize, produce or even distribute. The fifteen claims for relief against both Amazon and the Beast Defendants likewise do not differentiate between any of the defendants.

As a result, Amazon is left only to speculate as to the basis for each of Plaintiffs' claims against it. The SAC must be dismissed under Rule 12(e) and Plaintiffs must replead their complaint to set forth allegations of actions that were taken by Amazon. Since Plaintiffs cannot do this while satisfying their FRCP Rule 11 obligations, requiring a more definite pleading will confirm that the claims against Amazon are baseless and should be dismissed with prejudice.

## V.    CONCLUSION

For the foregoing reasons, Amazon requests that this Court grant its motion to dismiss each of Plaintiffs' claims for relief in the SAC identified above under Rule 12(b)(6). Furthermore, for any claims for relief in the SAC alleged against "Defendants" or Amazon that are not dismissed thereunder, Amazon requests this Court grant its motion for a more definite statement and to file an amended complaint, which at the very least, properly identifies which claims for relief and which acts it alleges against each defendant.

Dated: May 14, 2025

Brad Miller
Camilo Echavarria
Stephen Franz
Xiaochen Chen
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant
AMAZON ALTERNATIVE LLC

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
SECOND AMENDED COMPLAINT