MARIA C. RODRIGUEZ (SBN 194201)
mcrodriguez@mwe.com
ELVIRA R. KRAS (SBN 320390)
ekras@mwe.com
ARIEL BEVERLY (SBN 324656)
abeverly@mwe.com
CLAIRE M. HAGAN (SBN 357561)
chagan@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone:  +1 310 277 4110
Facsimile:   +1 310 277 4730

Attorneys for Specially Appearing Defendants
MRB2024, LLC AND OFF ONE'S BASE, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTESTANT 1, a California resident, CONTESTANT 2, a California resident, CONTESTANT 3, a California resident, CONTESTANT 4, a California resident, CONTESTANT 5, a United States resident, CONTESTANT 6, a United States resident, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MRB2024, LLC, a North Carolina Limited Liability Company; OFF ONE'S BASE, LLC, a, North Carolina Limited Liability Company; AMAZON ALTERNATIVE LLC, a California Limited Liability Company; MYSTICART PICTURES, LLC and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. **2:25-cv-03051-CV-KES**<br><br>**SPECIALLY APPEARING DEFENDANTS MRB2024, LLC AND OFF ONE'S BASE, LLC'S MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Filed concurrently with (1) Notice of Motion (2) Declaration of Damien Atkins (3) Declaration of Elvira R. Kras, and (4) [Proposed] Order]*<br><br>Date:      July 18, 2025<br>Time:     1:30 p.m.<br>Ctrm:     5D |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................... 1

II.     PROCEDURAL HISTORY ....................................................................... 2

III.    FACTS ........................................................................................................ 3

IV.     LEGAL ARGUMENT ............................................................................... 5

        A.      Plaintiffs Fail To Meet The Requirements Of FRCP 8 And
        Their Claims Must Be Dismissed Under FRCP Rule 12(b)(6)..................... 5

        B.      This Court Does Not Have Personal Jurisdiction Over
        Defendants. ................................................................................................. 6

                1.      This Court Cannot Exercise General Personal
                Jurisdiction Over Defendants Because They Are Not "At
                Home" In California As Both Are Organized Under North
                Carolina Law With Their Principal Places Of Business In
                North Carolina. ............................................................................. 7

                2.      Plaintiffs Cannot Establish Specific Personal
                Jurisdiction Over Defendants. ....................................................... 9

                        a)      The Conduct Alleged In The SAC Does Not Arise
                        From Conduct That Occurred In California........................ 9

                        b)      The Choice Of Law Clause and Arbitration
                        Forum Selection Clause In The Agreement Do Not
                        Satisfy Purposeful Availment........................................ 10

                        c)      MrB2024 And Off One's Base Do Not Maintain
                        De Facto Headquarters In Los Angeles. .......................... 11

                        d)      Residence Of Plaintiffs Is Not Dispositive................. 13

        C.      The California Choice Of Law Provision In The Agreement
        Governs The Choice Of Law Analysis, Not The Underlying Dispute. ........ 14

        D.      Plaintiffs Fail To Plead A Breach Of Contract Claim When
        They Argue That Defendants Breached The Agreement Because
        Defendants Maintain That California Statutes Do Not Apply To Non-
        California Alleged Conduct.......................................................................... 15

        E.      Plaintiffs Fail To Plead Breach Of Implied Covenant Of Good
        Faith And Fair Dealing Based On Their Faulty Choice-of-Law
        Argument. .................................................................................................... 17

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

F.    California Law Does Not Apply Extraterritoriality To Out-of-
State Conduct. ....................................................................................... 18

G.    Validly Executed Releases Further Bar The UCL And False
Advertising Claims.............................................................................. 20

V.    CONCLUSION.................................................................................................. 21

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

MOTION TO DISMISS

# <u>TABLE OF AUTHORITIES</u>

**Cases** .................................................................................................................. **Page(s)**

*Alvarez v. Wells Fargo Bank, N.A.*,
    No. CV 16-9570-R, 2017 WL 6520625 (C.D. Cal. Aug. 14, 2017) ................... 5

*Amba Mktg. Sys., Inc., v. Jobar Int'l, Inc.*,
    551 F.2d 784 (9th Cir. 1977) ................................................................................ 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................... 5, 6

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017) ........................................................................... 13

*Bartel v. Tokyo Elec. Power Co., Inc.*,
    371 F. Supp. 3d 769 (S.D. Cal. 2019) ........................................................ 12, 14

*Becerra v. Allstate Northbrook Indem. Co.*,
    No. 22-CV-00202-BAS-MSB, 2022 WL 2392456 (S.D. Cal. July 1,
    2022) ................................................................................................................ 16

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................ 6

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) ........................................................................... 11

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco
    Cnty.*,
    582 U.S. 255 (2017) ............................................................................................ 9

*Bunting v. Atl. Ref. & Mktg. Corp.*,
    No. CIV. A. 89-1385, 1991 WL 160927 (E.D. Pa. Aug. 15, 1991),
    *aff'd*, 961 F.2d 207 (3d Cir. 1992) .................................................................... 20

*Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*,
    788 F.2d 535 (9th Cir. 1986) ............................................................................... 7

*Campbell v. Arco Marine, Inc.*,
    42 Cal. App. 4th 1850 (1996) .............................................................................. 1

*Card Tech Int's, LLC v. Provenzano, No. CV 11-2434 DSF (PLAx)*,
    2012 WL 2135357 (C.D. Cal. June 7, 2012) ................................................ 15, 16

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Carmouche v. Tamborlee Mgmt., Inc.*,
    789 F.3d 1201 (11th Cir. 2015) ..................................................................... 11

*Clark v. VIP Petcare, LLC*,
    2023 WL 2779090 (N.D. Cal. Apr. 4, 2023) ............................................. 14, 18

*Cotter v. Lyft, Inc.*,
    60 F. Supp. 3d 1059 (N.D. Cal. 2014) ...................................................... 14, 15

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ..................................................................................... 7, 8

*DeFiore v. SOC LLC*,
    85 F.4th 546 (9th Cir. 2023) ............................................................................ 9

*Dodd–Owens v. Kyphon, Inc.*,
    No. C 06–3988, 2007 WL 420191 (N.D. Cal. Feb. 5, 2007) ........................... 19

*Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*,
    907 F.2d 911 (9th Cir. 1990) .......................................................................... 12

*Gardner v. Health Net, Inc.*,
    No. CV 10-2140 PA (CWX), 2010 WL 11597979 (C.D. Cal. Aug.
    12, 2010) ......................................................................................................... 16

*Gelbman v. Valleycrest Prod., Ltd.*,
    189 Misc. 2d 403 ............................................................................................ 20

*Gravquick A/S v. Trimble Navigation Int'l Ltd.*,
    323 F.3d 1219 (9th Cir. 2003) .............................................................. 14, 15, 19

*Gray & Company v. Firstenberg Mach. Co.*,
    913 F.2d 758 (9th Cir. 1990) .......................................................................... 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ....................................................................................... 11

*Herbal Brands, Inc. v. Photoplaza, Inc*,
    72 F.4th 1085 (9th Cir. 2023) ......................................................................... 12

*Hoffman v. Citibank (S. Dakota), N.A.*,
    546 F.3d 1078 (9th Cir. 2008) ........................................................................ 15

*Int'l Shoe Co. v. Washington*,
    326 U.S. 316-17 (1945) .................................................................................... 6

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

MOTION TO DISMISS

*Kaylor v. Fields*,
8 Cir., 1981 ................................................................................................ 7

*Keeton v. Hustler Magazine, Inc.*,
465 U.S. 770 (1984) .................................................................................. 13

*Kumar v. Koester*,
131 F.4th 746 (9th Cir. 2025) .................................................................... 18

*Lloyd v. Creighton, No. 8*:24-CV-01867-FWS-DFM,
2024 WL 5316833 (C.D. Cal. Oct. 11, 2024) ...................................... 10, 11

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
22 F.4th 852 (9th Cir. 2022) ............................................................... 10, 13

*Mooney v. Fife*,
118 F.4th 1081 (9th Cir. 2024) .................................................................. 15

*Moore v. Mars Petcare U.S., Inc.*,
966 F.3d 1007 (9th Cir. 2020) ..................................................................... 5

*Nedlloyd Lines B.V. v. Superior Court*,
3 Cal.4th 459 (1992) .................................................................................. 14

*O'Connor v. Uber Techs., Inc.*,
58 F. Supp. 3d 989 (N.D. Cal. 2014) .......................................................... 19

*Oman v. Delta Air Lines, Inc.*,
889 F.3d 1075 (9th Cir. 2018) .................................................................... 18

*ProMex, LLC v. Hernandez*,
781 F. Supp. 2d 1013 (C.D. Cal. 2011) ...................................................... 15

*Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.*
815 F.App'x 117 (9th Cir. 2020) ................................................................ 17

*Ramsey v. Farmers New World Life Ins.*,
746 F. Supp. 3d 841 (E.D. Cal. 2024) ........................................................ 17

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ...................................................................... 6

*Rulenz v. Ford Motor Co.*,
No. 10CV1791-GPC-MDD, 2013 WL 2181241 (S.D. Cal. May 20, 2013) ............................................................................................................ 19

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- v -

*Sarviss v. Gen. Dynamics Info. Tech., Inc.*,
    663 F. Supp. 2d 883 ................................................................................ 19

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ............................................................. 6, 8

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*,
    521 F. Supp. 3d 929 (S.D. Cal. 2021) ........................................... 16, 17

*Teras Cargo Transp. (Am.), LLC v. Cal Dive Int'l (Australia) Pty Ltd.*,
    No. 15-CV-03566-JSC, 2015 WL 6089276 (N.D. Cal. Oct. 16,
    2015) ...................................................................................................... 11

*Terpin v. AT&T Mobility, LLC*,
    399 F. Supp. 3d 1035 (C.D. Cal. 2019) .............................................. 18

*Thomas v. Infinity Broad. Corp. of Los Angeles*,
    No. B177970, 2005 WL 3074138 (Cal. Ct. App. Nov. 17, 2005) ....... 20

*Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De
    Costa Rica*,
    614 F.2d 1247 (9th Cir. 1980) .............................................................. 13

*United Fin. Mortg. Corp. v. Bayshores Funding Corp.*,
    245 F. Supp. 2d 884 (N.D. Ill. 2002) .................................................. 10

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................. 9

*Walden v. Fiore*,
    571 U.S. 277, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014) ...................... 9

*Young v. ByteDance Inc.*,
    No. 22-CV-01883-VC, 2023 WL 3484215 (N.D. Cal. May 15,
    2023) ...................................................................................................... 18

**Statutes**

Cal.Civ.Proc.Code § 1542 ........................................................................... 5

Fed. R. Civ. Proc. 8 ....................................................................................... 5

Fed. R. Civ. Proc. 12(b)(2) ........................................................................... 2

Fed. R. Civ. Proc. 12(b)(6) ............................................................... 1, 5, 16

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Plaintiffs competed in contests in Nevada, Canada, and Panama for the opportunity to win millions (over $25,000,000) in cash and prizes. Plaintiffs lost early in the competition. Now they seek to challenge the results, set aside the terms of their participation, and drag two North Carolina entities into California to litigate purported conduct – that didn't occur in California – under California statutes. Despite three attempts to plead, Plaintiffs complaint is failed cartography because none of the alleged conduct occurred in California. Dismissal of Plaintiffs' claims is mandated.

Setting aside that contestant-Plaintiffs are not employees,[1] Plaintiffs' claims fail because they cannot invoke California statutes to adjudicate claims arising from conduct that took place outside of California based on their faulty argument that the Contestant Agreement and Release ("**Agreement**" attached to the concurrently filed Declaration of Damien Atkins as **Exhibit A**) provides for Los Angeles as the forum for dispute resolution and elects California law in the choice-of-law provision applicable to the Agreement. Since none of the alleged conduct took place in California, Defendants must be dismissed from this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure (FRCP). *Campbell v. Arco Marine, Inc.*, 42 Cal. App. 4th 1850, 1858–59, (1996) (granting motion for summary judgment on FEHA claims because FEHA did not apply to out-of-state conduct).

This Court also lacks general and specific jurisdiction over Defendants because their principal place of business is in, and they are organized under the laws of North Carolina. Defendants have no operations, businesses, employees, properties, or agents in California. They are not "at home" in California. Plaintiffs have not set

---

[1] This argument shall be furnished to the appropriate adjudicating body, at the appropriate time, and via the appropriate pleading, unless this Court requests otherwise.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

forth competent allegations that Defendants purposefully availed themselves of the privilege of doing business in California or that their claims arise from or relate to any connections that Defendants might have to California. Plaintiffs have not pled sufficient facts to enable this Court to exert jurisdiction over Defendants. Plaintiffs may have their day in court, but it is neither here nor today – Defendants must be dismissed under FRCP Rule 12(b)(2).

## II.    PROCEDURAL HISTORY

Plaintiffs bring suit against two North Carolina contest promoters, MrB2024, LLC ("**MrB2024**") and Off One's Base, LLC ("**Off One's Base**") (MrB2024 and Off One's Base, together, "**Specially Appearing Defendants**" or **"Defendants"**), and the licensor of content and platform on which part of the contest was streamed, Amazon Alternative, LLC ("**Amazon**") (Specially Appearing Defendants/Defendants and Amazon, together, "**All Defendants**").

On September 16, 2024, Plaintiffs sued Defendants in the Superior Court of California, County of Los Angeles, pending as *Contestant 1, et al. v. MrB2024, LLC et al.*, case number 24STCV24042 alleging: (1) Failure to Pay Minimum Wages; (2) Liquidated Damages for Failure to Pay Minimum Wages; (3) Failure to Pay Overtime; (4) Sexual Harassment; (5) Failure to Prevent Harassment; (6) Negligent Infliction of Emotional Distress; (7) Failure to Provide Uninterrupted Meal Breaks; (8) Failure to Provide Uninterrupted Rest Breaks; (9) Failure to Pay Wages Properly Upon Termination; (10) Failure to Provide Accurate and Itemized Wage Statements; (11) Failure to Indemnify for Employee Expenses and Losses in Discharging Duties; (12) Unfair Business Practices; (13) False Advertising; and (14) Declaratory Relief ("**Complaint**").

On September 23, 2024, Plaintiffs filed a First Amended Complaint ("**FAC**"), adding plaintiff 6, adding defendant MysticArt Pictures ("**MysticArt**"), and adding a claim under California's Unfair Competition Law for False Advertising. (*See generally* FAC.)

On April 6, 2025, Plaintiffs filed a SAC, identifying themselves as Matthew Rivera, Keshwan Clark, Kory Ingram, Jane Hurst, Gabrielle Mathews, and Jordan Santana, adding a seventh Plaintiff April Holloway ("Plaintiffs"), dismissing MysticArt[2] and dismissing the claims for Failure to Indemnify for Employee Expenses and False Advertising, while asserting new claims for breach of contract, breach of implied contract, breach of implied covenant of good faith and fair dealing, and unfair business practices.

The SAC admits that:

- Defendants are North Carolina entities (SAC ⁋⁋ 20-21);

- The Contest took place in Nevada and Canada and Panama (*Id.* at ⁋ 152);

- Plaintiffs Rivera, Hurst, and Holloway were contestants in the Qualifying Games ("**Qualifying Games**") in Nevada (*Id.* at ⁋⁋ 13, 16, 19, 133, 136);

- Plaintiffs Clark, Ingram, Mathews, and Santana were contestants in the Qualifying Games in Nevada, and Beast Games ("**Beast Games**") in Canada. (the Qualifying Games and Beast Games together, the "**Contest**") (*Id.* at ⁋ 14, 15, 17, 18, 134, 135, 137, 138 –139).

## III.   FACTS

Beast Games is a skills contest conceptualized by entrepreneur and YouTube pioneer, Jimmy Donaldson. Donaldson is known for elaborate and generous YouTube contests and giveaways where participants can take home six figure prizes, win or lose.[3] In 2024, Donaldson took the YouTube contests to streaming and upped the prizes, giving away an island, cars, and a prize of $5,000,000 dollars in the Beast

---

[2] The SAC, which purportedly seeks in excess of $5,000,000 in damages, dismissed MysticArt as a defendant, but left in the equally minimally involved, but by contrast, internationally known Amazon defendant.

[3] Here, $25,000,000 in prize money was awarded and each contestant received at least $2,000 in prize money.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Games.

Hundreds of thousands of international applicants entered for the opportunity to compete in the Contest. Dismissed defendant MysticArt facilitated contestant eligibility. Would-be contestants signed an agreement acknowledging that they were volunteering to participate as contestants in a contest produced by Off One's Base for exhibition on YouTube, and if they qualified, Beast Games, a contest produced by MrB2024 for exhibition by Amazon.

The Agreement contains the following provisions:

"I acknowledge and agree that my sole compensation for my participation as a contestant on the Program, if any, will be my winnings (cash and/or other prizes) earned on the Program, if any." (Declaration of Damien Atkins ("Atkins Decl.") at ¶ 9, Ex. A.)

"I agree to immediately contact Producer if I feel sexually, racially, or otherwise harassed by, threatened by, or uncomfortable with the conduct of any other individual connected with the Program at any time, and I understand that Producer and Network will not penalize or retaliate against me in any way for doing so." (*Id.* at ¶ 9, Ex. A ¶ 31(f)).

"I agree that my appearance as a contestant on the Program is not a performance and does not entitle me to wages, salary, or other compensation. It is expressly understood and agreed that this Agreement shall not be subject to, governed by or affected by any collective bargaining agreement." (*Id.* at ¶ 9, Ex. A ¶ 37).

"[T]he parties agree that [any controversy or claim] shall be resolved by binding arbitration conducted in the county of Los Angeles and administered by JAMS" (*Id.* at ¶ 9, Ex. A ¶ 45).

"This Agreement is controlled by California law, and all controversies and questions with respect to this Agreement and/or my appearance on the Program shall be determined by the internal, substantive laws of the State of California." (*Id.* at ¶ 9, Ex. A ¶ 48).

The Agreement also contains a valid release, stating the contestant

"**hereby unconditionally and irrevocably release and forever discharge** Producer, SCC, Network, any television station or channel, cable network, satellite network, video on demand platform or

distribution platform that exhibits the Program (in whole or in part), the advertisers connected with the Program, each of their respective parent, subsidiary and affiliated entities, all other persons and entities connected with the Program, and each of their respective officers, directors, agents, representatives, employees, successors, assignees, and licensees(collectively, "**Released Parties**") from any and all claims, actions, damages, losses, costs, and expenses of any kind (including, without limitation, attorneys' fees), judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not based on concealed, hidden or unperceived facts, arising out of, resulting from, or by reason of, my participation on or in connection with the Program, including, without limitation, my participation in the Challenge(s), any travel I undertake in connection with my participation on the Program, any exploitation of the Program or my appearance on the Program, the failure of Producer to select me as a contestant, the cancellation of the Program, any use of any Prize or gift awarded to me on the Program, my decision to follow or disregard any advice, suggestions, opinion, or any other statements made to me by Producer, its employees and others providing services on the Program, other contestants, or the use, misuse or possession of any Prize or gift awarded to me on the Program, if any, and/or any taxes or other obligations I may incur as a result of my participation in the Program....Furthermore, to the maximum extent permitted by law, **I expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law**, which is similar, comparable, or equivalent to California Civil Code § 1542..." (*Id.* at ¶ 9, Ex. A ¶ 40) (emphasis added).

## IV.    LEGAL ARGUMENT

### A.    Plaintiffs Fail To Meet The Requirements Of FRCP 8 And Their Claims Must Be Dismissed Under FRCP Rule 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Moore v. Mars Petcare U.S., Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).) Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

theory or the absence of sufficient facts alleged under a cognizable legal theory." *Alvarez v. Wells Fargo Bank, N.A.*, No. CV 16-9570-R, 2017 WL 6520625, at *1 (C.D. Cal. Aug. 14, 2017). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. Courts will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements...." *Id.*

### B. This Court Does Not Have Personal Jurisdiction Over Defendants.

Due process requires that a defendant have sufficient contacts with the forum such that "the maintenance of the suit" is "reasonable" and "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 316-17 (1945) (internal quotation marks omitted). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *See Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Civ. Proc. Code § 410.10). For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004) (finding that contacts fell short of warranting general jurisdiction even where there was a choice-of-law provision specifying California law, defendant regularly retained services of a California marketing company, hired a sales training company incorporated in California, and maintained a website accessible by California residents.)

An opposition to a Rule 12(b)(2) motion to dismiss "plaintiff may not simply

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

rest on the "bare allegations of [the] complaint." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (affirming dismissal for lack of jurisdiction.) Nonspecific conclusory statements are not enough to show either minimum contacts or continuous contacts making a defendant liable in California for out-of-state conduct. *Butcher's Union Loc. No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (jurisdictional facts cannot be established by nonspecific, conclusory statements) (citing *Kaylor v. Fields,* 8 Cir., 1981, 661 F.2d 1177, 1182–83 (although pleadings are to be liberally construed, the complaint must contain something more than mere conclusory statements unsupported by specific facts.) Thus, Plaintiffs must substantiate conclusory allegations and "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Mktg. Sys., Inc., v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Despite having filed three complaints, Plaintiffs have not met their burden to establish jurisdiction over Defendants.

**1.    This Court Cannot Exercise General Personal Jurisdiction Over Defendants Because They Are Not "At Home" In California As Both Are Organized Under North Carolina Law With Their Principal Places Of Business In North Carolina.**

A Court may only exercise general jurisdiction over a defendant who is "at home" in the jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (finding that an LLC was not subject to general jurisdiction in California because it was not incorporated in California, nor did it have its principal place of business in California). An LLC is "at home" in its state of incorporation or organization and in the state where it has its principal place of business. *Id.* at 119. An LLC may be subject to general jurisdiction in a state only if its contacts within the state are so "continuous and systematic"—in comparison to its national and global activities— that it is "essentially at home" there. *Id.* at 137-139 & n.20. For an LLC, its place of organization, and/or principal place of business within a state constitute the paradigmatic basis for establishing general jurisdiction. *Id.* at 119, 121.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

It's undisputed that Defendants are organized under the laws of North Carolina. (*See* SAC ¶ 20; *see also* Atkins Decl. at ¶ 2.) Defendants are LLCs incorporated under the laws of North Carolina, with their principal places of business in North Carolina. (Atkins Decl. at ¶ 3.) Defendants have not employed and do not employ any employees, officers, or agents who transact business in California on their behalf. (*Id.* ¶ 4.) Defendants have not had and do not have offices, facilities, telephone listings, or mailing addresses in California, and have not engaged in direct advertising or sale of products to residents of California. (*Id.*) They have no real property, personal property, or bank accounts in California. (*Id.* ¶ 6.) Defendants do not and need not pay taxes in California. (*Id.* ¶ 7.) Defendants organized, promoted and held a skills contest, which occurred in in Nevada, Canada, and Panama. (*Id.* ¶ 10.) Defendants have not organized, promoted, or held any contests in California. (*Id.* ¶ 4.)

The SAC does not set forth competent evidence that Defendants are otherwise "at home" in California. Plaintiffs' allegations of "*de facto* headquarters" in Los Angeles are not true. (SAC ¶ 27; Atkins Decl. at ¶¶ 2-11.) Any alleged limited business conduct would not satisfy the requirement that general personal jurisdiction be based on an LLC's place of organization or principal place of business (here, North Carolina). *Daimler*, 571 U.S. at 121; *see* Atkins Decl. at ¶ 2-3. Plaintiffs do not, and cannot, provide a basis for general personal jurisdiction over Defendants, and this Court cannot exercise general personal jurisdiction over Defendants.

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts" which is an "exacting standard" because "a finding of general jurisdiction permits a defendant to be hauled into court in the forum state to answer for any of its activities anywhere in the world. *Schwarzenegger*, 374 F.3d at 801.

///

///

### 2. Plaintiffs Cannot Establish Specific Personal Jurisdiction Over Defendants.

For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State. *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (finding that lack of minimal contacts necessary to exercise jurisdiction). Plaintiffs must meet a three-part test to establish specific jurisdiction. First, Plaintiffs must show that Defendants "purposefully avail [themselves]" of the "privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Mavrix Photo*, 647 F.3d at 1227–28. Second, the claim must arise out of or relate to Defendants' forum-related activities. *Id*. Third, the "exercise of jurisdiction must comport with fair play and substantial justice." *Id*. The burden is on Plaintiffs to set forth facts establishing the first two elements. *Id*. at 1228. Only if Plaintiffs meet that burden are Defendants required to show that the exercise of jurisdiction violates due process. *Id*.

### a) The Conduct Alleged In The SAC Does Not Arise From Conduct That Occurred In California.

Plaintiffs cannot establish specific personal jurisdiction over Defendants because their allegations do not relate to California conduct by Defendants related to the claims. Specific jurisdiction exists only if the claims alleged against a particular defendant "arise out of or relate to" the defendant's forum-directed activities. *Ford*, 592 U.S. at 359-60. "[A] defendant's general connections with the forum are not enough." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017). And the contacts must be ones that the defendant "creates with the forum State" which does not include contacts with the persons who reside there. *Walden*, 571 U.S. at 284.

Plaintiffs assert that specific personal jurisdiction exists based on the

MOTION TO DISMISS

Agreement (referred to as the BGA in the SAC), [4] inaccurate allegations that Defendants maintain a "*de facto* headquarters" in Los Angeles, and that five of seven named plaintiffs are California residents. (SAC ¶ 27). These allegations do not enable this Court to exercise personal jurisdiction over Defendants. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864 (9th Cir. 2022) (finding that there was no specific personal jurisdiction over a company that maintained an aircraft service center in the forum state because this contact did not relate to the cause of action arising out of a plane crash in the forum state.)

### b)    The Choice Of Law Clause and Arbitration Forum Selection Clause In The Agreement Do Not Satisfy Purposeful Availment.

Plaintiffs' allegations that this Court has specific personal jurisdiction over Defendants because of the choice-of-law provision and arbitration forum selection clause in the Agreement fail. *Burger King* 471 U.S. at 482 (finding that a choice-of-law provision did not support personal jurisdiction); *see also United Fin. Mortg. Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 893 (N.D. Ill. 2002) (finding that the arbitration clause was neither consent to personal jurisdiction nor enough to satisfy minimum contacts or purposeful availment for purposes of personal jurisdiction); *Lloyd v. Creighton, No. 8*:24-CV-01867-FWS-DFM, 2024 WL 5316833, at *5 (C.D. Cal. Oct. 11, 2024) (finding no personal jurisdiction over defendants despite an arbitration forum selection clause.)

Moreover, Plaintiffs' claims do not "arise out of or relate to" these provisions.[5]

---

[4] "A court may ... consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *DeFiore v. SOC LLC*, 85 F.4th 546, 553 (9th Cir. 2023) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).)

[5] The choice-of-law clause relates to controversies "with respect to the [contestants'] *appearance* on the Program". (SAC ¶ 27) (emphasis added.) The Agreement differentiates between contestants' *appearance* on the Program and contestants'

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Burger King Corp.*, 471 U.S. at 472, 475–478; *Lloyd,* 2024 WL 5316833, at *5 (finding that the plaintiff's sexual harassment claims did not arise out of or relate to defendant's prior arbitration of the exact matter in the forum.)

### c) MrB2024 And Off One's Base Do Not Maintain De Facto Headquarters In Los Angeles.

There is no competent evidence that Defendants maintain a "*de facto* headquarters*"* in Los Angeles. (SAC ⁋ 27.) While Plaintiffs argue that the Agreement identifies a Los Angeles address, (SAC ⁋ 27), this is a baseless argument because the Agreement states that the address belongs to Weinstein Senior, LLP, not Defendants (Atkins Decl. at ¶ 9, Ex. A.) and is not a basis for personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 418–19 (1984) (finding that contract negotiations in Texas, purchasing equipment from Texas, and sending personnel to Texas for training insufficient to satisfy Due Process requirements for personal jurisdiction); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015) (finding that a mailing address in the forum to be insufficient support for personal jurisdiction.)[6]

Plaintiffs' arguments that contracts with MysticArt Pictures, Sullivan

---

*participation* in the Contests. The Agreement uses "appearance" in limited instances to refer exclusively to use of contestants' likeness in the "BeastGames YouTube episode zero and ten-episode Amazon series". (SAC ¶ 27). The Agreement uses "participation" with respect to contestants' actual competition in the Contests in Nevada, Canada, and Panama, encompassing questions regarding the time spent competing and the application of the "official rules", from which Plaintiffs' claims arise. (Atkins Decl. at ¶ 2, Ex. A.) Because Plaintiffs' claims do not arise out of their appearance on the Program, the choice-of-law provision cannot support exercising personal jurisdiction over Defendants.

[6] Plaintiffs irrelevantly state that defense counsel is in Los Angeles. (SAC ¶ 28.) Plaintiffs' claims do not arise out of MrB2024 relationship with defense counsel engaged to represent MrB2024. Further, "the mere fact that a California-based individual was involved in contract negotiations and discussions once the dispute arose does not rise to the level of purposeful availment." *Teras Cargo Transp. (Am.), LLC v. Cal Dive Int'l (Australia) Pty Ltd.*, No. 15-CV-03566-JSC, 2015 WL 6089276, at *6 (N.D. Cal. Oct. 16, 2015).

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

Compliance Company, post-production supervisors, and Revolution Entertainment Services establishes specific jurisdiction is also insufficient. Doing business with attorneys and other businesses based in California is not purposeful availment and does not render Los Angeles the *de facto* headquarters. *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008) ("[W]e are guided by the Supreme Court's admonition that the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction.").

Instead, the focus is on the affirmative conduct of the defendant. *Gray & Company v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990). Defendants did not direct these businesses to act in California or be directed at California. (Atkins Decl. at ¶ 10). The business central to these business contracts was unconnected to California and instead directed towards Nevada, Toronto, and Panama. (*Id.*) Sullivan Compliance Company, any post-production supervisors, and Revolution Entertainment Services performed their respective services in Nevada or Toronto, where the Contests occurred, or nationwide. (*Id.*)

MysticArt's promotions occurred nationwide via the internet, (*id.*), which does not support the conclusion that Defendants targeted California. *Herbal Brands, Inc. v. Photoplaza, Inc*, 72 F.4th 1085, 1091 (9th Cir. 2023); *Mavrix Photo*, 647 F.3d at 1231 ("Not all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every state in which it is accessed."). Rather, Defendants "doing business with California," but not necessarily "doing business in California" is not enough to establish a *de facto* headquarters or specific personal jurisdiction. *Mavrix Photo*, 647 F.3d at 1226.

Plaintiffs' focus on the isolated marketing event in Santa Monica in December 2024 is misplaced because "Only contacts occurring prior to the event causing the litigation may be considered in evaluating the defendant's contacts with the state." *Bartel v. Tokyo Elec. Power Co., Inc.*, 371 F. Supp. 3d 769, 786 (S.D. Cal. 2019) (citing *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d

911, 913 (9th Cir. 1990).) Further, the allegation that Santa Monica was "ground zero for the launch" is false. (SAC ⁋ 27.) Houston was "ground zero" and the location of premiere party. (Atkins Decl. at ¶ 11.) While Santa Monica was one of many international locations in which the premiere was marketed, (Atkins Decl. at ¶ 11), this diffuse marketing does not establish purposeful availment because a defendant's "attenuated contacts" do not establish personal jurisdiction. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). Plaintiffs' claims do not "arise out of or relate to" the promotion of the premiere that occurred in Santa Monica. *Burger King,* 471 U.S. at 472, 475–478; *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 864 (9th Cir. 2022) (finding that there was no specific personal jurisdiction over a company that maintained an aircraft service center in the forum state because this contact did not relate to the cause of action arising out of a plane crash in the forum state.)

### d)    Residence Of Plaintiffs Is Not Dispositive.

A plaintiff's residency is not dispositive in determining personal jurisdiction. *Axiom Foods*, 874 F.3d at 1070 (courts must look at a defendant's "own contacts" with the forum in assessing personal jurisdiction); *Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1253 (9th Cir. 1980) ("it is not sufficient that the plaintiff was a California resident.")

The Court's personal jurisdiction analysis should end with lack of purposeful minimum contacts connected to the litigation. If the Court finds that the first two elements of specific personal jurisdiction are met, forcing Defendants to defend against an action in a state where they have virtually no contacts would violate notions of fair play and justice. *See Burger King*, 471 U.S. at 478 ("Jurisdictional rules may not be employed in such a way as to make litigation 'so gravely difficult and inconvenient' that a party unfairly is at a 'severe disadvantage' in comparison to his opponent."). Even if the promotion of the premiere of Beast Games Season 1 in Santa Monica did "relate to" Plaintiffs' claims (which it does not), this does not

MOTION TO DISMISS

support specific personal jurisdiction because it would be exactly the type of "random, isolated, or fortuitous" contact that is insufficient and fundamentally unfair. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984).

Because Defendants lack sufficient contacts[7] with California that relate to the alleged harm, Plaintiffs cannot meet their burden of establishing specific jurisdiction over Defendants.

### C.    The California Choice Of Law Provision In The Agreement Governs The Choice Of Law Analysis, Not The Underlying Dispute.

Parties to a contract " cannot create by contract a cause of action that California law does not provide." *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1065 (N.D. Cal. 2014) (even where a contract between the parties had a California choice of law provision, that provision did not govern statutory claims that exists independently of the contract as opposed to claims that arise from the agreement itself.) "When a law contains geographical limitations on its application, ... courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply." *Gravquick A/S v. Trimble Navigation Int'l Ltd.,* 323 F.3d 1219, 1223 (9th Cir. 2003). Additionally, *Clark v. VIP Petcare, LLC,* 2023 WL 2779090, at *1 (N.D. Cal. Apr. 4, 2023) holds that a contract that provides that it "will be governed by and construed in accordance with the laws of the state of California "means that California contract law controls the meaning of the contract, but "does not, and cannot, extend California's labor laws [out-of-state]." Here, the parties executed an agreement that designated California as choice of law and, as in *Clark*, did not and cannot extend California's labor laws to out-of-state conduct.

Even if the choice-of-law provision applied to contestants' participation in the

---

[7] To the extent that Plaintiffs will argue or assert that the Agreement covers future conduct such as promotion or licensing of content, case law is clear that "[o]nly contacts occurring prior to the event causing the litigation may be considered' in evaluating the defendant's contacts with the state." *Bartel,*, 371 F. Supp. at 786.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1  Contests,[8] California law would not apply under the test applied by the California

2  Supreme Court in *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459 (1992),

3  California law will apply if California has a "substantial relationship to the parties or

4  transaction" or another reasonable basis. *Hoffman v. Citibank (S. Dakota), N.A.*, 546

5  F.3d 1078, 1082 (9th Cir. 2008). If either test is satisfied, the Court must ask whether

6  the "chosen state's law is contrary to a *fundamental* policy of California." *Id.* If such

7  a conflict is found, "the court must then determine whether California has a materially

8  greater interest than the chosen state in the determination of the particular issue." *Id.*

9       Here, California does not have a substantial relationship to the transaction

10 because the Contests took place in Nevada, Canada, and Panama. (SAC ⁋ 152). And

11 California does not have a substantial relationship to the parties, Defendants are

12 North Carolina entities, and contestants traveled from across the nation to compete.

13 (SAC ⁋⁋ 20-21, 147).

14       There is no other reasonable basis to apply California law and California courts

15 recognize a presumption that the California Labor Code does not apply to the

16 extraterritorial Contests. *Gravquick*, 323 F.3d at 1222; *Cotter*, 60 F. Supp. 3d at 1061.

17 Applying the California Labor Code would contradict federal precedent and

18 California public policy. Thus, California law does not apply.

19       **D.     Plaintiffs Fail To Plead A Breach Of Contract Claim When They**

20       **Argue That Defendants Breached The Agreement Because Defendants**

21       **Maintain That California Statutes Do Not Apply To Non-California**

22       **Alleged Conduct.**

23       To plead a claim for breach of contract, Plaintiffs must allege (1) a contract

24 existed, (2) Plaintiffs performed or are excused for nonperformance, (3) Defendants

25 materially breached the contract, and (4) Plaintiffs were damaged by this breach.

26 *Mooney v. Fife*, 118 F.4th 1081, 1099 (9th Cir. 2024). A material breach is so

27 "important as to justify…regarding the whole transaction as at an end." *Card Tech*

28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

[8] Addressed in footnote five herein.

*Int's, LLC v. Provenzano, No. CV 11-2434 DSF (PLAx),* 2012 WL 2135357, at *20 (C.D. Cal. June 7, 2012); *ProMex, LLC v. Hernandez*, 781 F. Supp. 2d 1013, 1017 (C.D. Cal. 2011).

Here, Plaintiffs allege that Defendants are in breach because Defendants don't agree that California law applies to Plaintiffs' statutory wage and hour claims. (SAC ¶ 254). But Plaintiffs fail to plead facts to support the allegation that Defendants assert that California law does not apply to the Agreement and Defendants do apply California law to determine governing law pursuant to the Agreement.

Plaintiffs fail to allege that this alleged "breach" is material. Plaintiffs have not argued, and cannot argue, that not applying California law renders the contract void or otherwise excuses their performance. *Card Tech,* 2012 WL 2135357, at *20. As such, there is no material breach.

Even if Plaintiffs had satisfied the breach requirement, Plaintiffs have not sufficiently plead damages, justifying dismissal under Rule 12(b)(6). *Becerra v. Allstate Northbrook Indem. Co.*, No. 22-CV-00202-BAS-MSB, 2022 WL 2392456, at *6 (S.D. Cal. July 1, 2022); *see also Gardner v. Health Net, Inc.*, No. CV 10-2140 PA (CWX), 2010 WL 11597979, at *6 (C.D. Cal. Aug. 12, 2010) (dismissing plaintiffs' breach of contract claim because plaintiffs "failed to allege any cognizable damages"). Here, Plaintiffs insufficiently allege they have been damaged "in an amount to be proven at trial." (SAC ¶ 256). "Plaintiff[s] ha[ve] pled damages in such a way that the Court is unable to determine whether those damages pled are recoverable under contract law generally. *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.,* 521 F. Supp. 3d 929, 951 (S.D. Cal. 2021) (finding that pleadings alleging damages "which [are] currently unascertainable, but [] no less than $1.4 million" to be insufficient.) *Id.* Because Plaintiffs have not pled cognizable damages, this claim must be dismissed.

So too with Plaintiffs' claim for breach of implied contract. *Soil Retention*

MOTION TO DISMISS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

*Prods.*, 521 F. Supp. 3d at 952 (finding that elements of an implied-in-fact contract claim are a valid contract, plaintiff's performance or excuse for nonperformance, defendant's breach, and damages). "The existence and terms" of an implied contract "are manifested by conduct" that shows "a mutual agreement and intent to promise." *Prostar Wireless Grp., LLC v. Domino's Pizza, Inc.* 815 F.App'x 117, 119 (9th Cir. 2020) (internal citations and quotation marks omitted). Plaintiffs have not established an implied contract with Amazon, a licensee, not a party to the Agreement. (SAC ⁋ 260). Amazon's conduct in promoting and hosting the Contests on this network does not show a "mutual agreement" to promise to the contestants that California law will apply. Plaintiffs have not satisfied the elements of breach or damages, relying on the allegation that Amazon refuses to apply California law and again insufficiently alleging they have been damaged "in an amount to be proven at trial."[9] (SAC ⁋ 264-66). As such, Plaintiffs have not stated a claim for breach of implied contract. The claims must be dismissed.

### E.    Plaintiffs Fail To Plead Breach Of Implied Covenant Of Good Faith And Fair Dealing Based On Their Faulty Choice-of-Law Argument.

For breach of implied covenant of good faith and fair dealing, Plaintiffs must establish the same elements as required under breach of contract, except that "breach" must be proved by showing that the defendant deprived the plaintiff of a benefit conferred by the contract. *Ramsey v. Farmers New World Life Ins.*, 746 F. Supp. 3d 841, 850 (E.D. Cal. 2024) ("benefits due…must have been withheld" and that the reason for "withholding benefits must have been unreasonable….")  Plaintiffs have not plead facts showing that, through their elimination, Defendants deprived them of a benefit conferred by the Agreement. (*See* SAC ⁋⁋ 267-75). Plaintiffs contracted to

---

[9] Allegations that rely on the same alleged acts, seeking damages already claimed in a companion cause of action "may be disregarded as superfluous as no additional claim is actually stated."  *Soil Retention Prods.*, 521 F. Supp. 3d at 953.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

compete in the Contests to potentially win prizes, competed in the Contests, and were reasonably eliminated.

Nor have Plaintiffs alleged cognizable damages. Here, plaintiffs stated that they "were harmed" by being eliminated from the Contests and the opportunity to win the prize. (SAC ¶ 275). Plaintiffs have not stated, and cannot state, a claim for breach of implied covenant of good faith and fair dealing.

**F.    California Law Does Not Apply Extraterritoriality To Out-of-State Conduct.**

Unless the legislature makes clear otherwise, where "liability-creating conduct occurs outside of California, California law generally should not govern that conduct" which includes claims under the UCL and CLRA even where a plaintiff's residence is in California. *Terpin v. AT&T Mobility, LLC*, 399 F. Supp. 3d 1035, 1047 (C.D. Cal. 2019) (citing *Oman v. Delta Air Lines, Inc.*, 889 F.3d 1075, 1079 (9th Cir. 2018).)

None of the alleged conduct relating to the claims occurred in California and Defendants have no operations in the state of California. For these reasons alone, all claims brought under California statutes fail as a matter of law, including the purely derivative claim for declaratory relief. *Kumar v. Koester*, 131 F.4th 746, 756 (9th Cir. 2025) (affirming dismissal of claim for declaratory relief because it was derivative of dismissed claims).

Nor does the Agreement's forum or choice of law clause enable California law to apply to conduct that did not take place in California because parties "cannot create by contract a cause of action that California law does not provide." *Clark*, 2023 WL 2779090, at *1 (holding that a contract that provides that it "will be governed by and construed in accordance with the laws of the state of California . . . means that California contract law controls the meaning of the contract. It does not, and cannot, extend California's labor laws [out-of-state].")); *Young v. ByteDance Inc.*, No. 22-CV-01883-VC, 2023 WL 3484215, at *7 (N.D. Cal. May 15, 2023) (holding that even

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

where parties agree that California law applies to a case, that does not create "a cause of action under the UCL.")

Further, the Ninth Circuit has held that "[w]hen a law contains geographical limitations on its application…courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply." *See Gravquick*, 323 F.3d at 1222. A specific territorial limitation on the application of state law must be given effect even where the parties contractually agree that the state law applies. *Id. See O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1005 (N.D. Cal. 2014) ("[T]he Court concludes that the choice-of-law provision in the [operative agreement] does not overcome the presumption against extraterritorial application of California law absent an indication that such a presumption does not apply.") Even where a plaintiff was an employee that was a resident in California and received pay in California, the court concluded that California wage orders did not apply. *Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 883, 898 (C.D. Cal. 2009 ("the determinative issue is whether an employee principally works in California.")

Thus, to plead a FEHA claim, a plaintiff must sufficiently allege the tortious conduct occurred in the state of California. *Dodd–Owens v. Kyphon, Inc.*, No. C 06–3988, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007) (dismissing FEHA claim for failure to state with specificity that the alleged tortious conduct took place in California). When the conduct does not take place in the forum state, California courts will not extend California law to adjudicate that alleged misconduct, even for a resident plaintiff. *Rulenz v. Ford Motor Co.*, No. 10CV1791-GPC-MDD, 2013 WL 2181241, at *5 (S.D. Cal. May 20, 2013) (striking Plaintiff's FEHA claims for discrimination and wrongful termination where Plaintiff failed to allege that the injurious conduct took place in California and instead took place in Nevada irrespective of California residency, state of employment contract, and place of termination.)

Here, the SAC admits that the Contest took place "in Nevada and Canada and

Panama" (*Id.* ¶ 152); Plaintiffs Rivera, Hurst, and Holloway were contestants in the Qualifying Games in Nevada (*Id.* ¶¶ 13, 16, 19, 133, 136, 139); and Plaintiffs Clark, Ingram, Mathews, and Santana were contestants in the Qualifying Games in Nevada, and Beast Games in Canada (*Id.* ¶ 14, 15, 17, 18, 134, 135, 137, 138). And, the proposed class action class and subclass definitions define the conduct as occurring in "Nevada and Canada." (*Id.* at ¶ 1140, 141, and 143.) Because the alleged conduct related to the claims at issue is not pled and cannot be pled to have occurred in California, these claims fail.

### G.    Validly Executed Releases Further Bar The UCL And False Advertising Claims.

The complaint alleges causes of action that arise under contest law. Courts have found that releases in agreements for reality TV skills contests are valid. *Thomas v. Infinity Broad. Corp. of Los Angeles*, No. B177970, 2005 WL 3074138, at *1 (Cal. Ct. App. Nov. 17, 2005) (affirming judgment of trial court which sustained defendants' demurrer without leave to amend, based in part on a release plaintiff signed as a condition of his participation in the contest, which release acknowledged that none of the defendants made any representation or warranty to plaintiff regarding the contest, and plaintiff waived any claim that may arise in connection with plaintiff's participation in the contest or his acceptance of the invitation to participate in the contest.); *see Gelbman v. Valleycrest Prod., Ltd.,* 189 Misc. 2d 403, 405–06, (Sup. Ct. 2001 (finding that the game show validly reserved final judgment in a clause in the official rules, and disputes over the fairness of quiz show questions were bound by the show's decision.); *see also Bunting v. Atl. Ref. & Mktg. Corp.*, No. CIV. A. 89-1385, 1991 WL 160927 (E.D. Pa. Aug. 15, 1991), *aff'd*, 961 F.2d 207 (3d Cir. 1992) (finding summary judgment for defendant appropriate in an action against a contest provider on the grounds that the plaintiffs agreed to the final ruling of the contest judges as part of the rules of the contest, even if "there seems to be agreement on the fact that the [judges] did not conduct the sweepstakes in an honest fashion.").

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

Here the release in the Agreement bars "any and all claims, actions, damages, losses, costs, and expenses of any kind (including, without limitation, attorneys' fees), judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise whether now known or unknown, suspected or unsuspected, and whether or not based on concealed, hidden or unperceived facts, arising out of, resulting from, or by reason of, my participation on or in connection with the Program." The claims arising under the UCL were waived by a valid prospective release in the Agreement and must be dismissed.

Plaintiffs' claim for breach of implied covenant of good faith and fair dealing, which is based on alleged game rigging and arises under contest law, was also waived by this valid prospective release and must be dismissed.

## V.    CONCLUSION

The SAC must be dismissed because, after three attempts to show otherwise, no constitutional basis supports asserting personal jurisdiction over Defendants and no alleged conduct took place in California as to allow California law to apply to Plaintiffs' claims in the SAC.

Dated: May 14, 2025          Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**


By:    */s/ Maria C. Rodriguez*
　　　　MARIA C. RODRIGUEZ
　　　　ELVIRA R. KRAS
　　　　ARIEL BEVERLY
　　　　CLAIRE M. HAGAN
　　　　Attorneys for Specially Appearing
　　　　Defendants
　　　　MRB2024, LLC AND
　　　　OFF ONE'S BASE, LLC

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles