1  MARIA C. RODRIGUEZ (SBN 194201)
2  mcrodriguez@mwe.com
   ELVIRA R. KRAS (SBN 320390)
3  ekras@mwe.com
4  ARIEL BEVERLY (SBN 324656)
   abeverly@mwe.com
5  CLAIRE M. HAGAN (SBN 357561)
6  chagan@mwe.com
   **MCDERMOTT WILL & EMERY LLP**
7  2049 Century Park East, Suite 3200
8  Los Angeles, CA 90067-3206
   Telephone:  +1 310 277 4110
9  Facsimile:   +1 310 277 4730
10
11 Attorneys for Specially Appearing Defendants
   MRB2024, LLC AND OFF ONE'S BASE, LLC

12

13 **UNITED STATES DISTRICT COURT**

14 **CENTRAL DISTRICT OF CALIFORNIA**

15 | CONTESTANT 1, a California resident, | CASE NO. **2:25-cv-03051-CV-MBKx** |
16 | CONTESTANT 2, a California resident, CONTESTANT 3, a California resident, | **SPECIALLY APPEARING** |
17 | CONTESTANT 4, a California resident, CONTESTANT 5, a United States resident, | **DEFENDANTS MRB2024, LLC AND OFF ONE'S BASE, LLC'S** |
18 | CONTESTANT 6, a United States resident, | **RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO** |
19 | each individually and on behalf of all others similarly situated, | **DECLARATIONS OF DAMIEN ATKINS AND ELVIRA R. KRAS** |
20 | | |
21 | Plaintiffs, | *[Filed concurrently with Reply in Support of Motion to Dismiss]* |
22 | v. | |
23 | MRB2024, LLC, a North Carolina Limited Liability Company; OFF ONE'S BASE, | |
24 | LLC, a, North Carolina Limited Liability Company; AMAZON ALTERNATIVE | |
25 | LLC, a California Limited Liability Company; MYSTICART PICTURES, | |
26 | LLC and DOES 1-100, inclusive, | |
27 | Defendants. | |

28

Attorneys At Law
Los Angeles
McDermott Will & Emery LLP

---

RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF DAMIAN ATKINS
AND ELVIRA R. KRAS

Specially Appearing Defendants MRB2024, LLC and OFF ONE'S BASE, LLC (together, "Defendants") submit their response to Plaintiffs' Evidentiary Objections to the Declaration of Damien Atkins ("Atkins Decl." or "Atkins Declaration") and the Declaration of Elvira Kras ("Kras Decl." or "Kras Declaration") as follows.

## OBJECTION 1

### Materials Plaintiffs Objected To:

Atkins Decl. Page 1, para. 3, lines 10-15, which states, verbatim: "MrB2024 and Off One's Base have their headquarters and principal places of business in Greenville, North Carolina.  Off One's Base and MrB2024's respective managers direct, control, and coordinate the activities of each entity's activities from North Carolina.  The respective managers of each entity reside in North Carolina, make high-level decisions regarding the entities in North Carolina, and direct finance and accounting functions from North Carolina."

### Plaintiffs' Grounds for Objection:

**Lacks foundation; improper legal conclusions; outside the scope** or purpose of an attorney declaration, and **matters reserved for the court** to decide (see FRE §§ 701, 702, 704(a); See also, *Cherewick v. State Farm Fire & Cas*., 578 F. Supp. 3d 1136 (2022); **vague and ambiguous** as to references to managers who supposedly make "high level decisions." (see FRE §103, Fed. Rule Civ. Pro. §12(e)); **compound** in that it refers to two completely different corporate entities (i.e. MrB2024 *and* Off One's Base), and the lack of clarity or separability of the statement creates confusion for the Court and also renders the statement **vague, ambiguous, and misleading** (see FRE § 103); proffered statements should be subject to procedural safeguards and rules of **formal discovery before being considered** by this Court.

///

///

RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF DAMIEN ATKINS AND ELVIRA R. KRAS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**<u>Defendants' Response:</u>**

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant contractor] was aware Nike had a substantial customer base in California and that it was foreseeable [defendant's] services would be used to record California users.") (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. Indeed, the Ninth Circuit has relied on statements in a defendant's declaration supporting a motion to dismiss, which become part of the record the Court may consider, in affirming grants of motions to dismiss based on a lack of personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (affirming grant of motion to dismiss and relying on defendant's declaration directly contravening the facts in plaintiff's complaint which stated, in part, that the defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

Plaintiffs rely on *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1154–55 (S.D. Cal. 2022). Beyond the fact that *Cherewick* provides narrow conclusions relevant to declarations submitted pursuant to Federal Rule of Civil Procedure 56 relating to *motions for summary judgement*, the district court overruled objections that the statements in the declaration lacked foundation, were vague and ambiguous, and/or inadmissible hearsay. *Id.* at 1155.   Similarly, the Atkins

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC. Similarly, the Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

Objections under FRE 103 are properly directed at the *form* of a question, and not the form of a declarant's statement. As such, they are inapplicable here.

And Plaintiffs waived this objection by not objecting to these statements at the time they were offered in the Declaration of Damien Atkins in support of Specially Appearing Defendants' removal to this Court. The statements are nearly identical. For example, MrB2024, LLC, has its "headquarters and principal place of business in Greenville, North Carolina;" its "managers direct, control, and coordinate [its] activities from North Carolina…make high-level decisions…and direct finance and accounting functions in North Carolina;" and it "has not organized or conducted any contests in California…has no real property, personal property, or bank accounts in California…does not pay taxes and is not required to pay taxes in the State of California." Declaration of Damien Atkins in support of Specially Appearing Defendant's Notice of Removal, ¶¶ 2-3, 8-11). As such, the statements are part of the established record.

## OBJECTION 2

**Materials Plaintiffs Objected To:**

Atkins Decl. Page 1, para. 4, lines 16-20, which states, verbatim: "MrB2024 and Off One's Base have not had and do not have any employees, officers, or agents who transact business in California on their behalf.  MrB2024 and Off One's Base have not had and do not have any offices, facilities, telephone listings, or mailing addresses in California, and have not engaged in any direct advertising or sale of products to residents of California."

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

**<u>Plaintiffs' Grounds for Objection:</u>**

**Lacks foundation; improper legal conclusions; outside the scope** or purpose of an attorney declaration, and **matters reserved for the court** to decide (see FRE §§ 701, 702, 704(a); See also, *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136 (2022); **compound** in that it refers to two completely different corporate entities (i.e. MrB2024 *and* Off One's Base), and the lack of clarity or separability of the statement creates confusion for the Court and also renders the statement **vague, ambiguous, and misleading** (see FRE § 103); proffered statements should be subject to procedural safeguards and rules of **formal discovery before being considered** by this Court.

**<u>Defendants' Response:</u>**

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant contractor] was aware Nike had a substantial customer base in California and that it was foreseeable [defendant's] services would be used to record California users.") (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. Indeed, the Ninth Circuit has relied on statements in a defendant's declaration supporting a motion to dismiss, which become part of the record the Court may consider, in affirming grants of motions to dismiss based on a lack of personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (affirming grant of motion to dismiss and relying on defendant's declaration directly contravening the facts in plaintiff's complaint which stated, in part, that the defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of

RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF DAMIEN ATKINS AND ELVIRA R. KRAS

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

Plaintiffs rely on *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1154–55 (S.D. Cal. 2022). Beyond the fact that *Cherewick* provides narrow conclusions relevant to declarations submitted pursuant to Federal Rule of Civil Procedure 56 relating to *motions for summary judgement*, the district court overruled objections that the statements in the declaration lacked foundation, were vague and ambiguous, and/or inadmissible hearsay. *Id.* at 1155.   Similarly, the Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

Objections under FRE 103 are properly directed at the *form* of a question, and not the form of a declarant's statement. As such, they are inapplicable here.

And Plaintiffs waived this objection by not objecting to these statements at the time they were offered in the Declaration of Damien Atkins in support of Specially Appearing Defendants' removal to this Court. The statements are nearly identical. For example, MrB2024, LLC, has its "headquarters and principal place of business in Greenville, North Carolina;" its "managers direct, control, and coordinate [its] activities from North Carolina…make high-level decisions…and direct finance and accounting functions in North Carolina;" and it "has not organized or conducted any contests in California…has no real property, personal property, or bank accounts in California…does not pay taxes and is not required to pay taxes in the State of California." Declaration of Damien Atkins in support of Specially Appearing Defendant's Notice of Removal, ¶¶ 2-3, 8-11). As such, the statements are part of the established record.

///

RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF DAMIEN ATKINS
AND ELVIRA R. KRAS

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

## OBJECTION 3

### Materials Plaintiffs Objected To:

Atkins Decl. Page 1, para. 5, lines 21-22, which states, verbatim: "MrB2024 and Off One's Base have not organized or conducted any contests in California."

### Plaintiffs' Grounds for Objection:

**Lacks foundation; improper legal conclusions**; relies on secondary evidence in violation of **Best Evidence Rule** (FRE §1002); **compound** in that it refers to two completely different corporate entities (i.e. MrB2024 *and* Off One's Base), and the lack of clarity or separability of the statement creates confusion for the Court and also renders the statement **vague, ambiguous, and misleading** (see FRE § 103); proffered statements should be subject to procedural safeguards and rules of **formal discovery before being considered** by this Court.

### Defendants' Response:

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant contractor] was aware Nike had a substantial customer base in California and that it was foreseeable [defendant's] services would be used to record California users.") (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. Indeed, the Ninth Circuit has relied on statements in a defendant's declaration supporting a motion to dismiss, which become part of the record the Court may consider, in affirming grants of motions to dismiss based on a lack of personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (affirming grant of motion to dismiss and relying on defendant's declaration directly contravening the facts in plaintiff's complaint which stated, in part, that the

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

The Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

Objections under FRE 103 are properly directed at the *form* of a question, and not the form of a declarant's statement. As such, they are inapplicable here.

The Best Evidence Rule applies when the statement is proffered to prove the content of the writing. This is plainly also inapplicable here: the declarant's statements, for example that Defendants "have not organized or conducted any contests in California", speak for themselves.

And Plaintiffs waived this objection by not objecting to these statements at the time they were offered in the Declaration of Damien Atkins in support of Specially Appearing Defendants' removal to this Court. The statements are nearly identical. For example, MrB2024, LLC, has its "headquarters and principal place of business in Greenville, North Carolina;" its "managers direct, control, and coordinate [its] activities from North Carolina…make high-level decisions…and direct finance and accounting functions in North Carolina;" and it "has not organized or conducted any contests in California…has no real property, personal property, or bank accounts in California…does not pay taxes and is not required to pay taxes in the State of California." Declaration of Damien Atkins in support of Specially Appearing Defendant's Notice of Removal, ¶¶ 2-3, 8-11). As such, the statements are part of the established record.

///

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## OBJECTION 4

### Materials Plaintiffs Objected To:

Atkins Decl. Page 1, para. 6, lines 23-24, which states, verbatim: "MrB2024 and Off One's Base have no real property, personal property, or bank accounts in California."

### Plaintiffs' Grounds for Objection:

**Lacks foundation; improper legal conclusions**; relies on secondary evidence in violation of **Best Evidence Rule** (FRE §1002); **compound** in that it refers to two completely different corporate entities (i.e. MrB2024 *and* Off One's Base), and the lack of clarity or separability of the statement creates confusion for the Court and also renders the statement **vague, ambiguous, and misleading** (see FRE § 103); proffered statements should be subject to procedural safeguards and rules of **formal discovery before being considered** by this Court.

### Defendants' Response:

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant contractor] was aware Nike had a substantial customer base in California and that it was foreseeable [defendant's] services would be used to record California users.") (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. Indeed, the Ninth Circuit has relied on statements in a defendant's declaration supporting a motion to dismiss, which become part of the record the Court may consider, in affirming grants of motions to dismiss based on a lack of personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (affirming grant of motion to dismiss and relying on defendant's declaration

RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF DAMIEN ATKINS AND ELVIRA R. KRAS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

directly contravening the facts in plaintiff's complaint which stated, in part, that the defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

The Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

Objections under FRE 103 are properly directed at the *form* of a question, and not the form of a declarant's statement. As such, they are inapplicable here.

The Best Evidence Rule applies when the statement is proffered to prove the content of the writing. This is plainly also inapplicable here: the declarant's statements, for example that Defendants "have not organized or conducted any contests in California", speak for themselves.

And Plaintiffs waived this objection by not objecting to these statements at the time they were offered in the Declaration of Damien Atkins in support of Specially Appearing Defendants' removal to this Court. The statements are nearly identical. For example, MrB2024, LLC, has its "headquarters and principal place of business in Greenville, North Carolina;" its "managers direct, control, and coordinate [its] activities from North Carolina…make high-level decisions…and direct finance and accounting functions in North Carolina;" and it "has not organized or conducted any contests in California…has no real property, personal property, or bank accounts in California…does not pay taxes and is not required to pay taxes in the State of California." Declaration of Damien Atkins in support of Specially Appearing Defendant's Notice of Removal, ¶¶ 2-3, 8-11). As such, the statements are part of the established record.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

## OBJECTION 5

### Materials Plaintiffs Objected To:

Atkins Decl. Page 1, para. 7, lines 25-26, which states, verbatim: "MrB2024 and Off One's Base do not pay taxes and are not required to pay taxes in the State of California."

### Plaintiffs' Grounds for Objection:

**Lacks foundation; improper legal conclusions**; relies on secondary evidence in violation of **Best Evidence Rule** (FRE §1002); **compound** in that it refers to two completely different corporate entities (i.e. MrB2024 *and* Off One's Base), and the lack of clarity or separability of the statement creates confusion for the Court and also renders the statement **vague, ambiguous, and misleading** (see FRE § 103); proffered statements should be subject to procedural safeguards and rules of **formal discovery before being considered** by this Court.

### Defendants' Response:

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant contractor] was aware Nike had a substantial customer base in California and that it was foreseeable [defendant's] services would be used to record California users.") (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. Indeed, the Ninth Circuit has relied on statements in a defendant's declaration supporting a motion to dismiss, which become part of the record the Court may consider, in affirming grants of motions to dismiss based on a lack of personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (affirming grant of motion to dismiss and relying on defendant's declaration

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

directly contravening the facts in plaintiff's complaint which stated, in part, that the defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

The Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

Objections under FRE 103 are properly directed at the *form* of a question, and not the form of a declarant's statement. As such, they are inapplicable here.

The Best Evidence Rule applies when the statement is proffered to prove the content of the writing. This is plainly also inapplicable here: the declarant's statements, for example that Defendants "have not organized or conducted any contests in California", speak for themselves.

And Plaintiffs waived this objection by not objecting to these statements at the time they were offered in the Declaration of Damien Atkins in support of Specially Appearing Defendants' removal to this Court. The statements are nearly identical. For example, MrB2024, LLC, has its "headquarters and principal place of business in Greenville, North Carolina;" its "managers direct, control, and coordinate [its] activities from North Carolina…make high-level decisions…and direct finance and accounting functions in North Carolina;" and it "has not organized or conducted any contests in California…has no real property, personal property, or bank accounts in California…does not pay taxes and is not required to pay taxes in the State of California." Declaration of Damien Atkins in support of Specially Appearing Defendant's Notice of Removal, ¶¶ 2-3, 8-11). As such, the statements are part of the established record.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1

## <u>OBJECTION 6</u>

2  ### <u>Materials Plaintiffs Objected To:</u>

3  Atkins Decl. Page 1, para. 8, lines 27-28, which states, verbatim: "Plaintiffs

4  are not and have never been employed by either MrB2024 or Off One's Base."

5  ### <u>Plaintiffs' Grounds for Objection:</u>

6  **Lacks foundation; improper legal conclusions; outside the scope** or

7  purpose of an attorney declaration, and **matters reserved for the court** to decide

8  (see FRE §§ 701, 702, 704(a); See also, *Cherewick v. State Farm Fire & Cas*., 578

9  F. Supp. 3d 1136 (2022); **compound** in that it refers to two completely different

10  corporate entities (i.e. MrB2024 *and* Off One's Base), and the lack of clarity or

11  separability of the statement creates confusion for the Court and also renders the

12  statement **vague, ambiguous, and misleading** (see FRE § 103); proffered statements

13  should be subject to procedural safeguards and rules of **formal discovery before**

14  **being considered** by this Court.

15  ### <u>Defendants' Response:</u>

16  "The court may consider evidence presented in affidavits to assist it in its

17  determination and may order discovery on the jurisdictional issues." *Saleh v. Nike,*

18  *Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and

19  rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant

20  contractor] was aware Nike had a substantial customer base in California and that it

21  was foreseeable [defendant's] services would be used to record California users.")

22  (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other*

23  *grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to

24  dismiss that contravene facts presented in a complaint are admissible evidence.

25  Indeed, the Ninth Circuit has relied on statements in a defendant's declaration

26  supporting a motion to dismiss, which become part of the record the Court may

27  consider, in affirming grants of motions to dismiss based on a lack of personal

28  jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir.

McDermott Will & Emery LLP
ATTORNEYS AT LAW
LOS ANGELES

2022) (affirming grant of motion to dismiss and relying on defendant's declaration directly contravening the facts in plaintiff's complaint which stated, in part, that the defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

Plaintiffs rely on *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1154–55 (S.D. Cal. 2022). Beyond the fact that *Cherewick* provides narrow conclusions relevant to declarations submitted pursuant to Federal Rule of Civil Procedure 56 relating to *motions for summary judgement*, the district court overruled objections that the statements in the declaration lacked foundation, were vague and ambiguous, and/or inadmissible hearsay. *Id.* at 1155.   Similarly, the Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

Objections under FRE 103 are properly directed at the *form* of a question, and not the form of a declarant's statement. As such, they are inapplicable here.

## OBJECTION 7

## Materials Plaintiffs Objected To:

Atkins Decl. Page 2, para. 10, lines 4-7, which states, verbatim: "MrB2024 and Off One's Base organized, promoted and conducted skills contests, consisting of the Qualifying Games and Beast Games contests.  The Qualifying Games occurred entirely in Nevada, and the Beast Games contest occurred exclusively in Canada and Panama."

///

///

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## Plaintiffs' Grounds for Objection:

Lacks foundation; improper legal conclusions; **outside the scope** or purpose of an attorney declaration, and **matters reserved for the court** to decide (see FRE §§ 701, 702, 704(a); See also, *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136 (2022); relies on secondary evidence in violation of **Best Evidence Rule** (FRE §1002); **vague and ambiguous** to the extent counsel makes reference to a "skills contest" to prove facts that should be subject to the procedural safeguards and rules of formal discovery; **compound** in that it refers to two completely different corporate entities (i.e. MrB2024 *and* Off One's Base), and the lack of clarity or separability of the statement creates confusion for the Court and also renders the statement **vague, ambiguous, and misleading** (see FRE § 103); proffered statements should be subject to procedural safeguards and rules of **formal discovery before being considered** by this Court.

## Defendants' Response:

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant contractor] was aware Nike had a substantial customer base in California and that it was foreseeable [defendant's] services would be used to record California users.") (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. Indeed, the Ninth Circuit has relied on statements in a defendant's declaration supporting a motion to dismiss, which become part of the record the Court may consider, in affirming grants of motions to dismiss based on a lack of personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (affirming grant of motion to dismiss and relying on defendant's declaration

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

directly contravening the facts in plaintiff's complaint which stated, in part, that the defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

Plaintiffs rely on *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1154–55 (S.D. Cal. 2022). Beyond the fact that *Cherewick* provides narrow conclusions relevant to declarations submitted pursuant to Federal Rule of Civil Procedure 56 relating to *motions for summary judgement*, the district court overruled objections that the statements in the declaration lacked foundation, were vague and ambiguous, and/or inadmissible hearsay. *Id.* at 1155.    Similarly, the Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

Objections under FRE 103 are properly directed at the *form* of a question, and not the form of a declarant's statement. As such, they are inapplicable here.

The Best Evidence Rule applies when the statement is proffered to prove the content of the writing. This is plainly also inapplicable here: the declarant's statements, for example that Defendants "have not organized or conducted any contests in California", speak for themselves.

## OBJECTION 8

### Materials Plaintiffs Objected To:

Atkins Decl. Page 2, para. 11, lines 8-16, which states, verbatim: "MrB2024 and Off One's Base contracted with several vendors, including MysticArt Pictures, Sullivan Compliance Company, post-production supervisors, and Revolution Entertainment Services (collectively, "Third-Party Businesses") to provide services

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

in support of the Qualifying Games and Beast Games contests, including verification of contestant eligibility nationwide via the internet and contest compliance and logistical on the ground support in Nevada, Canada and Panama.  MrB2024 and Off One's Base did not direct the Third-Party Businesses to take action in California, nor were the actions of the Third-Party Businesses aimed at California."

**Plaintiffs' Grounds for Objection:**

**Lacks foundation; improper legal conclusions; outside the scope** or purpose of an attorney declaration, and **matters reserved for the court** to decide (see FRE §§ 701, 702, 704(a); See also, *Cherewick v. State Farm Fire & Cas*., 578 F. Supp. 3d 1136 (2022); relies on secondary evidence in violation of **Best Evidence Rule** (FRE §1002); **compound** in that it refers to two completely different corporate entities (i.e. MrB2024 *and* Off One's Base), and the lack of clarity or separability of the statement creates confusion for the Court and also renders the statement **vague, ambiguous, and misleading** (see FRE § 103); proffered statements should be subject to procedural safeguards and rules of **formal discovery before being considered** by this Court.

**Defendants' Response:**

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant contractor] was aware Nike had a substantial customer base in California and that it was foreseeable [defendant's] services would be used to record California users.") (*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. Indeed, the Ninth Circuit has relied on statements in a defendant's declaration supporting a motion to dismiss, which become part of the record the Court may

consider, in affirming grants of motions to dismiss based on a lack of personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (affirming grant of motion to dismiss and relying on defendant's declaration directly contravening the facts in plaintiff's complaint which stated, in part, that the defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

Plaintiffs rely on *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1154–55 (S.D. Cal. 2022). Beyond the fact that *Cherewick* provides narrow conclusions relevant to declarations submitted pursuant to Federal Rule of Civil Procedure 56 relating to *motions for summary judgement*, the district court overruled objections that the statements in the declaration lacked foundation, were vague and ambiguous, and/or inadmissible hearsay. *Id.* at 1155. Similarly, the Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

Objections under FRE 103 are properly directed at the *form* of a question, and not the form of a declarant's statement. As such, they are inapplicable here.

The Best Evidence Rule applies when the statement is proffered to prove the content of the writing. This is plainly also inapplicable here: the declarant's statements, for example that Defendants "have not organized or conducted any contests in California", speak for themselves.

///

///

///

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## **OBJECTION 9**

**Materials Plaintiffs Objected To:**

Atkins Decl. Page 2, para. 12 (a) thru (f) and (h), lines 17-28 through page 3, lines 1-2, which states, verbatim: "Beast Industries affiliates promoted Beast Games Season 1 with an eight-day world tour, which included events at eight locations across the United States and the world:

   a.     December 12, 2024 in New York City;

   b.     December 13, 2024 in Toronto, Canada;

   c.     December 14, 2024 in Buenos Aires, Argentina;

   d.     December 15, 2024 in Istanbul, Turkey;

   e.     December 16, 2024 in Sydney, Australia;

   f.     December 17, 2024 in Berlin, Germany;

   g.     December 18, 2024 in Santa Monica, California;

   h.     December 19, 2024 in Houston, Texas, which included a drone show, exclusive screening, and synchronized light displays on Houston landmarks for the grand finale of the tour and the official premiere of Beast Games Season 1."

**Plaintiffs' Grounds for Objection:**

**Lacks foundation; improper legal conclusions**; relies on secondary evidence when the original document or evidence is required to prove its content and so violates **Best Evidence Rule** (FRE §1002); proffered statements should be subject to procedural safeguards and rules of **formal discovery before being considered** by this Court.

**Defendants' Response:**

"The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021) (finding no personal jurisdiction and rejecting Plaintiff's argument that it is "sufficient to allege [that the defendant contractor] was aware Nike had a substantial customer base in California and that it

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

was foreseeable [defendant's] services would be used to record California users.")
(*citing Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (*overruled on other grounds*)). The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. Indeed, the Ninth Circuit has relied on statements in a defendant's declaration supporting a motion to dismiss, which become part of the record the Court may consider, in affirming grants of motions to dismiss based on a lack of personal jurisdiction. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (affirming grant of motion to dismiss and relying on defendant's declaration directly contravening the facts in plaintiff's complaint which stated, in part, that the defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response"). The declarant's sworn statements are the proper scope and content as well as ripe to be considered by the Court in ruling on Defendants' Motion to Dismiss.

The Atkins Declaration is sufficiently based on personal knowledge due to the declarant's capacity as general counsel for Beast Industries f/k/a BBurger 1456 & Co. and its affiliated companies, including MrB2024, LLC and Off One's Base, LLC.

The Best Evidence Rule applies when the statement is proffered to prove the content of the writing. This is plainly also inapplicable here: the declarant's statements, for example that Defendants "have not organized or conducted any contests in California", speak for themselves.

## OBJECTION 10

### Materials Plaintiffs Objected To:

Kras Decl. page 1, para. 5, lines 18-22 which states, verbatim: "On February 7, 2025, the parties met for a legal evaluative videoconference with Ret. Judge Jeff Winikow wherein the parties discussed topics such as whether California has

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

personal jurisdiction over Specially Appearing Defendants, whether California is the proper venue for this action, and whether California law should govern this action."

## Plaintiffs' Grounds for Objection:

**Violation of the Mediation Privilege** under California Evidence Code § 1119 and FRE § 501; **Hearsay** (see Federal Rules of Evidence ("FRE") §§ 801, 802); the proffered evidence's probative value is substantially outweighed by the risk of **unfair prejudice, confusion, or misleading the court** (see FRE § 403). Moreover, the Declaration of Elvira R. Kras is not once cited to support anything asserted in any part of Defendants' Motion to Dismiss.

## Defendants' Response:

Plaintiffs' Objection No. 10 to the Kras Declaration is baseless. Plaintiffs mischaracterize the statement in an attempt to bring it under the purview of FRE section 501 (which, even with the mischaracterization, it is not). First, the declarant states that the February 7, 2025 meeting was a "legal evaluative conference", not a mediation. Second, FRE section 501 applies generally to "privilege" and does not impose a "mediation privilege" akin to California Evidence Code section 1119. Third, this statement is provided by the declarant pursuant to Judge Valenzuela's requirements for a meet and confer declaration that the declaration set forth "the date(s) the conference took place," and not to prove liability. It is not hearsay because these are not out of court statements offered to prove the truth of the matter asserted: the declarant quotes neither himself nor others. These are sworn statements of personal knowledge.

## OBJECTION 11

## Materials Plaintiffs Objected To:

Kras Decl. Page 2, para. 10, lines 6-17, which states, verbatim: "Specially Appearing Defendants maintain that, respectfully, this Court cannot exercise personal jurisdiction over them because Specially Appearing Defendants are not "at home" in California as both are organized under North Carolina with their principal

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

places of business in North Carolina, they do not maintain de facto headquarters in Los Angeles, and the residence of Plaintiffs is not dispositive.  Nor does the conduct alleged to give rise to the claims in the SAC arise from conduct that occurred in California and the choice of law clause and arbitration forum selection clause in the Contestant Agreement and Release ("Agreement") do not satisfy purposeful availment.  Additionally, potential prospective conduct does not suffice to enable this Court to exercise personal jurisdiction over Specially Appearing Defendants. Plaintiffs disagree and maintain that this Court can exercise personal jurisdiction over Specially Appearing Defendants."

**Plaintiffs' Grounds for Objection:**

**Improper legal conclusions; outside the scope** or purpose of an attorney declaration, and are **matters that are reserved for the court** to decide.  (see FRE §§ 701, 702, 704(a); See also, *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136 (2022).  Moreover, the Declaration of Elvira R. Kras is not once cited to support anything asserted in any part of Defendants' Motion to Dismiss.

**Defendants' Response:**

Defendants submitted the Kras Declaration pursuant to Judge Valenzuela's Standing Order for Civil Cases: "if the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include [in the motion] a declaration, under penalty of perjury, that sets forth at a minimum *the date(s) the conference took place* and *the position of each party with respect to each disputed issue that will be the subject of the motion*. Failure to include such a declaration may result in the motion being denied." (Standing Order at 9). (emphasis added).

Plaintiffs rely on *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1154–55 (S.D. Cal. 2022). Beyond the fact that *Cherewick* provides narrow conclusions relevant to declarations submitted pursuant to Federal Rule of Civil Procedure 56 relating to *motions for summary judgement*, the district court overruled

RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF DAMIEN ATKINS AND ELVIRA R. KRAS

objections that the statements in the declaration lacked foundation, were vague and ambiguous, and/or inadmissible hearsay. *Id.* at 1155.

## OBJECTION 12

**Materials Plaintiffs Objected To:**

Kras Decl. Page 2, para. 11, lines 18-27 which states, verbatim: "Specially Appearing Defendants also maintain that California law will not apply extraterritorially to events which occurred in Nevada, Canada, and Panama. Further, the choice-of-law clause in the Agreement does not govern every dispute that may arise between the parties and the choice-of-law clause is not determinative of applicable law. When applying California law for the choice-of-law analysis, the result is that California law does not apply to Plaintiffs' claims in the SAC, both under the balancing test California courts use to determine governing law and due to the extraterritoriality. Finally, Contestants, including Plaintiffs, signed valid and enforceable releases that bar the claims asserted under the UCL and alleged "false advertising." Plaintiffs disagree."

**Plaintiffs' Grounds for Objection:**

**Improper legal conclusions; outside the scope** or purpose of an attorney declaration, and are **matters that are reserved for the court** to decide. (see FRE §§ 701, 702, 704(a); See also, *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136 (2022). Moreover, the Declaration of Elvira R. Kras is not once cited to support anything asserted in any part of Defendants' Motion to Dismiss.

**Defendants' Response:**

Defendants submitted the Kras Declaration pursuant to Judge Valenzuela's Standing Order for Civil Cases: "if the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include [in the motion] a declaration, under penalty of perjury, that sets forth at a minimum *the date(s) the conference took place* and *the position of each party with respect to each disputed issue that will be the subject of the motion*. Failure to include such a

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

declaration may result in the motion being denied." (Standing Order at 9). (emphasis added).

Plaintiffs rely on *Cherewick v. State Farm Fire & Cas.*, 578 F. Supp. 3d 1136, 1154–55 (S.D. Cal. 2022). Beyond the fact that *Cherewick* provides narrow conclusions relevant to declarations submitted pursuant to Federal Rule of Civil Procedure 56 relating to *motions for summary judgement*, the district court overruled objections that the statements in the declaration lacked foundation, were vague and ambiguous, and/or inadmissible hearsay. *Id.* at 1155.

Dated: July 3, 2025                     Respectfully submitted,

**MCDERMOTT WILL & EMERY LLP**

By: _____

MARIA C. RODRIGUEZ
ELVIRA R. KRAS
ARIEL BEVERLY
CLAIRE M. HAGAN
Attorneys for Specially Appearing Defendants
MRB2024, LLC AND OFF ONE'S BASE, LLC

RESPONSE TO PLAINTIFFS' EVIDENTIARY OBJECTIONS TO DECLARATIONS OF DAMIEN ATKINS AND ELVIRA R. KRAS