MARIA C. RODRIGUEZ (SBN 194201)
mcrodriguez@mwe.com
ELVIRA R. KRAS (SBN 320390)
ekras@mwe.com
ARIEL BEVERLY (SBN 324656)
abeverly@mwe.com
CLAIRE M. HAGAN (SBN 357561)
chagan@mwe.com
**MCDERMOTT WILL & EMERY LLP**
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone:  +1 310 277 4110
Facsimile:    +1 310 277 4730

Attorneys for Specially Appearing Defendants
MRB2024, LLC AND OFF ONE'S BASE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONTESTANT 1, a California resident, CONTESTANT 2, a California resident, CONTESTANT 3, a California resident, CONTESTANT 4, a California resident, CONTESTANT 5, a United States resident, CONTESTANT 6, a United States resident, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MRB2024, LLC, a North Carolina Limited Liability Company; OFF ONE'S BASE, LLC, a, North Carolina Limited Liability Company; AMAZON ALTERNATIVE LLC, a California Limited Liability Company; MYSTICART PICTURES, LLC and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. **2:25-cv-03051-CV-MBKx**<br><br>**SPECIALLY APPEARING DEFENDANTS MRB2024, LLC AND OFF ONE'S BASE, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>*[Filed concurrently with Response to Objections to the Declarations of Elvira Kras and Damien Atkins]*<br><br>Date:    July 18, 2025<br>Time:    1:30 p.m.<br>Ctrm:    5D |

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## **TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................. 1

II.    A CHOICE-OF-LAW CLAUSE DOES NOT OVERCOME THE
       PRESUMPTION AGAINST EXTRATERRITORIALITY. ........................... 2

III.   A CHOICE-OF-LAW CLAUSE DOES NOT PREEMPT CHOICE-
       OF-LAW ANALYSIS. .................................................................................... 4

       A.     The California Choice-of-Law Analysis Further
              Establishes Inapplicability Of California Statutory Laws. ................... 6

IV.    PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION. ........ 7

V.     PLAINTIFFS DO NOT IDENTIFY AN ALLEGED BREACH OR
       COGNIZABLE DAMAGES FOR THEIR CONTRACT CLAIMS. ............ 12

VI.    THE AGREEMENT IS NOT UNCONSCIONABLE. ................................. 14

VII.   CONCLUSION. ............................................................................................ 15

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017) ......................................................... 12

*Bartel v. Tokyo Elec. Power Co., Inc.*,
    371 F. Supp. 3d 769 (S.D. Cal. 2019) ............................................ 11

*Becerra v. Allstate Northbrook Indem. Co.*,
    No. 22-CV-00202-BAS-MSB, 2022 WL 2392456 (S.D. Cal. July 1, 2022) ............................................................................................... 13

*Benedek v. PLC Santa Monica, LLC*,
    104 Cal. App. 4th 1351 (2002) ....................................................... 14

*Bernstein v. Virgin Am. Inc.*,
    227 F.Supp.3d (N.D. Cal. 2017) ....................................................... 3

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) ........................................................ 11

*Bunting v. Atl. Ref. & Mktg. Corp.*,
    No. CIV. A. 89-1385, 1991 WL 160927 (E.D. Pa. Aug. 15, 1991),
    *aff'd*, 961 F.2d 207 (3d Cir. 1992) ................................................ 14

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ............................................................. 7, 8, 12

*Carmouche v. Tamborlee Mgmt., Inc.*,
    789 F.3d 1201 (11th Cir. 2015) ...................................................... 11

*Clark v. VIP Petcare, LLC*,
    2023 WL 2779090 (N.D. Cal. Apr. 4, 2023) ...................................... 1

*Cotter v. Lyft, Inc.*,
    60 F. Supp. 3d 1059 (N.D. Cal. 2014) ....................................*passim*

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................................. 10, 12

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
    135 S. Ct. 547 (2014) ..................................................................... 13

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

- ii -

*Eng. v. Gen. Dynamics Mission Sys., Inc.*,
  No. EDCV18908JGBSHKX, 2019 WL 2619658 (C.D. Cal. May 8, 2019), aff'd, 808 F. App'x 529 (9th Cir. 2020) ................................................... 4

*Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*,
  103 F.3d 888 (9th Cir. 1996) ................................................................. 6

*Gardner v. Health Net, Inc.*,
  No. CV 10-2140 PA (CWX), 2010 WL 11597979 (C.D. Cal. Aug. 12, 2010) ................................................................................................... 13

*Gelbman v. Valleycrest Prod., Ltd.*,
  189 Misc. 2d 403 (Sup. Ct. 2001) ........................................................ 14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ............................................................................. 10

*Herbal Brands, Inc. v. Photoplaza, Inc*,
  72 F.4th 1085 (9th Cir. 2023) .............................................................. 11

*Hoffman v. Citibank (S. Dakota), N.A.*,
  546 F.3d 1078 (9th Cir. 2008) ........................................................... 6, 7

*Lloyd v. Creighton, No. 8*:24-CV-01867-FWS-DFM,
  2024 WL 5316833 (C.D. Cal. Oct. 11, 2024) ........................................ 8

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
  22 F.4th 852 (9th Cir. 2022) ...................................................... 9, 10, 12

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
  647 F.3d 1281 (9th Cir. 2011) .............................................................. 11

*Nedlloyd Lines B.V. v. Superior Court*,
  3 Cal.4th 459 (1992) .............................................................................. 6

*Rosner v. Valleycrest Prods. Ltd.*,
  No. B165004, 2004 WL 1166175 (Cal. Ct. App. May 26, 2004) ............. 15

*Saleh v. Nike, Inc.*,
  562 F. Supp. 3d 503 (C.D. Cal. 2021) .................................................... 9

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ................................................................. 7

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

REPLY IN SUPPORT OF MOTION TO DISMISS

*Shook v. Indian River Transp. Co.*,
    236 F. Supp. 3d 1165 (E.D. Cal. 2017), *aff'd*, 716 F. App'x 589
    (9th Cir. 2018) ........................................................................................ 4, 6

*Soil Retention Prods., Inc. v. Brentwood Indus., Inc.*,
    521 F. Supp. 3d 929 (S.D. Cal. 2021) ...................................................... 13

*Thomas v. Infinity Broad. Corp. of Los Angeles*,
    No. B177970, 2005 WL 3074138 (Cal. Ct. App. Nov. 17, 2005) ................... 14

*Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De
    Costa Rica*,
    614 F.2d 1247 (9th Cir. 1980) ................................................................ 12

*United Fin. Mortg. Corp. v. Bayshores Funding Corp.*,
    245 F. Supp. 2d 884 (N.D. Ill. 2002) ........................................................ 8

**Statutes**

Cal. Lab. Code § 1173 ............................................................................... 3

Cal. Lab. Code § 3600.5 .............................................................................. 4

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

REPLY IN SUPPORT OF MOTION TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

## I.    INTRODUCTION

In 8,435 words across 25 pages, Plaintiffs remain unable to articulate a basis upon which to subject two North Carolina entities, MrB2024, LLC and Off One's Base, LLC (together "Specially Appearing Defendants" or "Defendants"), to personal jurisdiction in California for events occurring outside of California.

Plaintiffs cannot avoid the fact that the harm they allege and the "work" that they allege they performed **occurred in Nevada, Canada and Panama—*not* California**. This alone is reason enough to end the jurisdictional analysis and grant Defendants' Motion to Dismiss. But Plaintiffs also fail to establish personal jurisdiction over Defendants because (1) Defendants lack the requisite contacts with California and (2) the purported residence of Plaintiffs is not dispositive.

Even if Plaintiffs could overcome the jurisdictional issues (which they cannot), Plaintiffs have not articulated a basis for California statutory causes of action, pled a term of the agreement that was breached, or established grounds to invalidate their releases. Controlling case law establishes that the Contestant Agreement (the "Agreement") does not create a statutory right of action against Defendants to overcome the presumption against the extraterritorial application of state law. *Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1065 (N.D. Cal. 2014) (holding that California's wage and hour laws did not apply outside of California, and that a choice-of-law provision in a contract did not create a cause of action for out-of-state workers under California's wage and hour laws.) Also, *Clark v. VIP Petcare, LLC,* 2023 WL 2779090, at *1 (N.D. Cal. Apr. 4, 2023) holds that a contract that states that it "will be governed by and construed in accordance with the laws of the state of California" means that California contract law controls the meaning of the contract, but "does not, and cannot, extend California's labor laws [out-of-state]." Here, the Plaintiffs and Defendants (together, the "Parties") executed an agreement that designated California's choice-of-law and, as in *Clark*, did not and could not extend California's wage and hour laws to out-of-state conduct. Conducting a California choice-of-law

REPLY IN SUPPORT OF MOTION TO DISMISS

analysis further establishes that California statutory law does not apply to alleged conduct that **occurred in Nevada, Canada and Panama—*not* California**.

Plaintiffs' misapprehension of geographical limits also proves fatal to their personal jurisdiction arguments. Plaintiffs argue that Defendant's interpretation of the Agreement is "tortured", but it is Plaintiffs that mangle the Agreement by trying to bring Plaintiffs' claims within the California statutory regime when the alleged conduct occurred in Nevada, Canada, and Panama, not California. (Opposition at 17.)

Plaintiffs' remaining causes of action fail because they do not meet pleading requirements, despite having had three opportunities to do so.

The Court should dismiss Defendants from the action. Alternatively, the Court should dismiss Defendants from all claims alleged in the Second Amended Complaint ("SAC") with prejudice.

## II.    A CHOICE-OF-LAW CLAUSE DOES NOT OVERCOME THE PRESUMPTION AGAINST EXTRATERRITORIALITY

It is undisputed that Plaintiffs participated in contests organized by two North Carolina entities and that those contests occurred in Nevada, Canada, and Panama. Plaintiffs' allegations stem from participation in those contests, in those territories.

*Cotter v. Lyft, Inc.*, 60 F.Supp.3d 1059 (2014) is instructive. *Cotter* involved a putative nationwide class of drivers who alleged they were misclassified as independent contractors under California law. The *Cotter* plaintiffs attempted to invoke the protections of California law for drivers of other states by alleging that (i) Lyft's principal place of business was in California, (ii) that Lyft made the key decisions that caused the alleged harm (such as the decision to classify drivers as independent contractors) in California, and (iii) that the contracts governing the relationship between the parties included a California choice-of-law clause. *Id.* at 1061, 1064. The court rejected these arguments holding that regardless of the connections between the employer and California, California law would not apply to services performed in other states even if those drivers performed duties for a

California-based company that made all "employment"-related decisions in California and signed agreements with a California choice-of-law clause. *Id.* at 1063. Thus, here, even if Plaintiffs' unsupported allegations regarding Defendants' conduct were true—and they are not—they would not suffice to create a cause of action under California statutes because any alleged harmful conduct occurred in Nevada, Canada, and Panama, not California.

Plaintiffs' reliance on *Bernstein v. Virgin Am. Inc.*, 227 F.Supp.3d, 1049 (N.D. Cal. 2017) fails because in that putative class action by flight attendants against an airline company (1) the airline company trained its flight attendants in California, (2) about 88.6% of flights arrived to or departed from a California airport, and (3) the flight attendants were all based out of California airports with flight schedules that sometimes worked entire days between California airports. Accordingly, that court found that the California Labor Code applied to work performed in California and wrongful conduct that occurred in California[1] (i.e., time spent working before takeoff and after landing in California airports.) *Id.* at 1063, 1074. That is not the case here where none of the contests in which the contestants participated occurred in California, or, as they allege, the "work" they did.

In addition to binding case law and Plaintiffs' admissions, the statutes establish that they do not apply to people whose conduct occurs in other states. For example, the California Labor Code directs the Industrial Welfare Commission "to ascertain the wages paid to all employees *in this state,* to ascertain the hours and conditions of labor and employment in the various occupations, trades, and industries in which employees are employed *in this state*." Cal. Lab. Code §1173 (emphasis added.)

In contrast, where the legislature intended a Labor Code provision to apply to people outside of California, it has said so. For example, the current workers'

---

[1] "California law might follow California resident employees of California employers who leave the state *temporarily* during the course of the normal workday." *Id.* at 1060 (emphasis added) (internal punctuation omitted.)

REPLY IN SUPPORT OF MOTION TO DISMISS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

compensation statute, applies to certain accidents that occur "outside of this state" and characterizes this application as "extraterritorial." Cal. Lab. Code § 3600.5.

Neither the residency of Plaintiffs nor other actions that may have taken place in California overcome the rules governing extraterritoriality because "the mere residency of the plaintiffs in California is insufficient in itself to entitle them to the benefits of the California wage and hour provisions while they are working outside the state" and "the California drivers' receipt of wages and wage statements in California is simply a consequence of the drivers' California residency." *Shook v. Indian River Transp. Co.*, 236 F. Supp. 3d 1165, 1171–72 (E.D. Cal. 2017), *aff'd*, 716 F. App'x 589 (9th Cir. 2018.) *See also Eng. v. Gen. Dynamics Mission Sys., Inc.*, No. EDCV18908JGBSHKX, 2019 WL 2619658, at *10 (C.D. Cal. May 8, 2019), aff'd, 808 F. App'x 529 (9th Cir. 2020) (finding that "the presumption against extraterritoriality applie[d] to the UCL in full force" and that California law may permissibly be applied to "multistate event[s] in which a crucial element... occurred *in California*"(emphasis in original).)

Plaintiffs' claims arising under California statutes fail and must be dismissed.

## III.    A CHOICE-OF-LAW CLAUSE DOES NOT PREEMPT CHOICE-OF-LAW ANALYSIS

The Agreement contains the following provisions:

- "[T]he parties agree that [any controversy or claim] shall be resolved by binding arbitration conducted in the county of Los Angeles and administered by JAMS" (*Id.* ¶ 9, Ex. A ▶ 45.)

- "This Agreement is controlled by California law, and all controversies and questions with respect to this Agreement and/or my appearance on the Program shall be determined by the internal, substantive laws of the State of California." (*Id.* ¶ 9, Ex. A ▶ 48.)

*Cotter* also holds that a choice-of-law provision in the contract between Lyft and the drivers did not create a cause of action under California law. There, plaintiffs

- 4 -

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

argued that even if California does not directly provide a statutory cause of action for drivers outside the state, these drivers could bring claims under the state's Labor Code because the contract between Lyft and its drivers contained a California choice-of-law provision, which stated, "[t]his agreement shall be governed by the laws of the State of California without regard to choice-of-law principles." *Cotter,* 60 F. Supp. at 1064. The court held that this argument failed because it conflated "statutory claims that exist independent of the contract with claims that arise from the agreement itself" and that even "if the choice-of-law provision were intended to confer upon out-of-state drivers a cause of action for violation of California's wage and hour laws, it could not do so. An employee cannot create by contract a cause of action that California law does not provide." *Id.* at 1065 (citing *Gravquick A/ S v. Trimble Navigation Int'l Ltd.,* 323 F.3d 1219, 1223 (9th Cir.2003) ("[T]he California Labor Code provisions at issue implicitly contain geographical limitations and ... when a law contains geographical limitations on its application, courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply." (internal quotation marks and alteration omitted)) and *Risinger v. SOC LLC,* 936 F.Supp.2d 1235, 1251 (D.Nev.2013) ("If the law does not vest a right onto a party in a particular situation (as when it refuses to be applied extraterritorially), then the party cannot be heard to complain of its choice to be bound by that law."))

So too here. The provisions in the Agreement do not and cannot enable Plaintiffs to bring causes of action under California's wage and hour laws or Business and Professions Code. While *Cotter* does hypothesize that the drivers could conceivably enter into a contract with their employer that would impose substantive obligations similar to the ones California imposes for work performed inside its borders, this would be a *contractual* obligation, not a statutory one. *Cotter,* 60 F. Supp. at 1066. Further, the example the *Cotter* court used to create such a contractual obligation was an agreement to pay an amount equal to California's minimum wage for all work performed—not merely a statement that a contract was governed by

California law—and failure to pay the prescribed amount would give rise, potentially, to a breach of contract claim and not a claim under the California Labor Code. *Id.*

Plaintiffs quote *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893-94 (9th Cir. 1996) ("[E]ven if the arbitration clause does not amount to [defendant's] consent to personal jurisdiction, the district court still may exercise `specific jurisdiction.'") to no avail because Plaintiffs omit that it was not the arbitration clause that established specific jurisdiction, but rather the non-resident party's *participation* in arbitration in the litigation in California. Here, there is no purposeful availment akin to participating in arbitration in California, nor is the arbitration clause or arbitration relevant to the Plaintiffs' underlying claims. Instead, *Shook v. Indian River Transp. Co.*, 236 F. Supp. 3d 1165 (E.D. Cal. 2017), *aff'd*, 716 F. App'x 589 (9th Cir. 2018) establishes that California law did not apply extraterritorially where the Defendant employer was "headquartered in Florida, sent drivers payments from that headquarters" and developed and applied the "compensation structure and rest break policies" in Florida and that the "drivers' receipt of wages and wage statements in California was simply a consequence of the drivers' California residency."

No provision of the Agreement defeats extraterritoriality because the alleged conduct took place in Nevada, Canada, and Panama, not California.

A.    **The California Choice-of-Law Analysis Further Establishes Inapplicability of California Statutory Laws.**

Even if the choice-of-law provision functioned as Plaintiffs claim, California law would still not apply under the California Supreme Court's test in *Nedlloyd Lines B.V. v. Superior Court,* 3 Cal.4th 459 (1992) which sets forth that California law will apply if California has a "substantial relationship to the parties or transaction" or another reasonable basis. *Hoffman v. Citibank (S. Dakota), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008.) If either test is satisfied, the Court must ask whether the "chosen state's law is contrary to a *fundamental* policy of California." *Id.* If such a conflict is

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

found, "the court must then determine whether California has a materially greater interest than the chosen state in the determination of the particular issue." *Id.* Here, California does not have a substantial relationship to the transaction because the Contests took place in Nevada, Canada, and Panama. (SAC ¶ 152.) And California does not have a substantial relationship to the Parties because Defendants are North Carolina entities, and contestants traveled from across the nation to compete. (SAC ¶¶ 20-21, 147.)

There is no other valid basis to apply California law.

## IV. PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION

Plaintiffs claim that they have established personal jurisdiction because Defendants purposefully availed themselves of the privilege of conducting activities in California and the claims arise out of forum-related activities in California. They base their argument on unfounded assertions that the Agreement was drafted in California, the putative class substantially resides in California, Defendants partnered with Amazon and have a *de facto* headquarters in Los Angeles, Defendants made key employment and payment decisions in California, and Defendants derived substantial benefit from commercial activity targeting California residents. But Plaintiffs fail to address *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004) which found that contacts fell short of warranting general jurisdiction even where there were choice-of-law provisions specifying California law, defendant regularly retained services of a California marketing company, hired a sales training company incorporated in California, and maintained a website accessible by California residents.

The United States Supreme Court's decision in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) provides[2] that a choice of law "provision standing

---

[2] The high court's ruling emphasized that the relevant inquiry in a jurisdictional analysis arising from a contract dispute is the course of dealing between the contracting parties: "If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the

REPLY IN SUPPORT OF MOTION TO DISMISS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

alone [is] insufficient to confer jurisdiction." *Id.* at 482[3]. *Burger King* provides an analytical framework for evaluating personal jurisdiction in the context of commercial contracts and clarifies that a choice-of-law clause does not suffice to establish personal jurisdiction over a non-resident defendant.

Here, none of the conduct at issue in the litigation occurred in California nor does this dispute arise out of the contractual obligations of the parties. Nor is it relevant that the Agreement has a narrow arbitration provision providing for arbitration in Los Angeles or that the contract includes an address for Defendants' counsel. *See United Fin. Mortg. Corp. v. Bayshores Funding Corp.*, 245 F. Supp. 2d 884, 893 (N.D. Ill. 2002) (finding that the arbitration clause was neither consent to personal jurisdiction nor alone enough to satisfy minimum contacts or purposeful availment for purposes of personal jurisdiction); *Lloyd v. Creighton, No. 8*:24-CV-01867-FWS-DFM, 2024 WL 5316833, at *5 (C.D. Cal. Oct. 11, 2024) (finding no personal jurisdiction over defendants despite an arbitration forum selection clause.)

* * * * *

_____

other party's home forum, we believe the answer clearly is that it cannot." *Id.* at 478. The high court emphasized the need to approach the analysis in a manner that "recognizes that a 'contract' is 'ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Id.* at 479. At issue in *Burger King* was a contract dispute between a franchisor with its principal place of business in Florida and a franchisee operating in Michigan. The dispute pertained to terms of a franchise agreement that expressly memorialized that the parties' contract was entered into in Florida and governed and construed under and in accordance with Florida law; that the franchisor would conduct and supervise franchise operations from its principal place of business and headquarters in Florida; and that the franchise payments were to be sent to the franchisor's Florida headquarters. *Id.* at 481.

[3] Relying on (i) a 20-year relationship between the parties, (ii) a record that revealed that decision-making authority was vested in the Florida headquarters (despite an intermediary office in another state), (iii) that negotiations of the contractual terms at issue in the contract dispute were made in Florida, and coupled with the (iv) choice-of law-provision, the Supreme Court found that the contracting parties had availed themselves of Florida law. *Id.* at 464, 470, 487.

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

- 8 -

Without citation to authority, Plaintiffs challenge the declarations of Damien Atkins ("Atkins Declaration" or "Atkins Decl.") and Elvira Kras[4] ("Kras Declaration"), but do not provide any declarations or affidavits to challenge the sworn statements. A "court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 509 (C.D. Cal. 2021.) The Ninth Circuit recognizes that declarations supporting a motion to dismiss that contravene facts presented in a complaint are admissible evidence. *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) And the Ninth Circuit has affirmed motions to dismiss for lack of personal jurisdiction based on statements in a defendant's supporting declaration. *Id.* (affirming dismissals based on a lack of personal jurisdiction and relying on a defendant's declaration directly contravening the facts in the plaintiff's complaint which stated, in part, that the specially appearing defendants had "not create[d] a marketing strategy…in the State of Arizona or directed specifically to Arizona residents" and similar statements that became part of the "uncontroverted record" because Plaintiff's did not rebut the content of the declaration "in affidavits or declarations in [their] response".)

Plaintiffs do not have declarations that refute the sworn statements of Defendants' representative. As such, the statements[5] in the Atkins Declaration are

---

[4] Per the Standing Order for Civil Cases Assigned to Judge Valenzuela, "if the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include [in the motion] a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion. Failure to include such a declaration may result in the motion being denied." (Standing Order at 9.) The Kras Declaration was provided for that purpose and Plaintiffs do not challenge the meet and confer representations contained therein.

[5] It's undisputed that Defendants are organized under the laws of North Carolina. (*See* SAC ¶ 20; *see also* Atkins Decl. at ¶ 2.) Defendants are LLCs organized under the laws of North Carolina, with their principal places of business in North Carolina. (Atkins Decl. at ¶ 3.) They have not had and do not have offices, facilities, telephone listings, or mailing addresses in California, and have not engaged in direct advertising

REPLY IN SUPPORT OF MOTION TO DISMISS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

part of the "uncontroverted record." As in *LNS Enters*, in which "the record establishes that [the defendant] is not authorized to do business in [the foreign state], has no offices or employees in [the state], and owns no property in the state," 22 F.4th at 863, the Atkins Declaration provides sworn statements of the same nature: Defendants "have not had and do not have any employees, officers, or agents who transact business in California on their behalf" and "have no real property, personal property or bank accounts in California." (Atkins Decl. at ¶¶ 4, 6.) What's more, the Court cannot "assume the truth of allegations in a pleading which are contradicted by affidavit." *LNS Enters* at 22 F.4th 852 at 862–63 (citation omitted).

The SAC does not set forth competent evidence that Defendants are otherwise "at home" in California. Plaintiffs' allegations of "*de facto* headquarters" in Los Angeles are not true. (SAC ¶ 27; Atkins Decl. at ¶¶ 2-11.) Any alleged limited business conduct would not satisfy the requirement that general personal jurisdiction be based on an LLC's place of organization or principal place of business (here, North Carolina.) *Daimler AG v. Bauman*, 571 U.S. 117, 119, 121 (2014); *see* Atkins Decl. at ¶ 2-3. While Plaintiffs argue that the Agreement identifies a Los Angeles address (SAC ¶ 27), this is a baseless argument because the Agreement states that the address belongs to Weinstein Senior, LLP—not Defendants (Atkins Decl. at ¶ 9, Ex. A.) and is not a basis for personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 418–19 (1984) (finding that contract negotiations in Texas, purchasing equipment from Texas, and sending personnel to Texas for training insufficient to satisfy Due Process requirements for personal jurisdiction); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015) (finding that a mailing address in the forum to be insufficient support for personal

---

or sale of products to residents of California. (*Id.*) They do not and need not pay taxes in California. (*Id.* ¶ 7.) Defendants organized, promoted and held a skills contest, which occurred in in Nevada, Canada, and Panama. (*Id.* ¶ 10.) Defendants have not organized, promoted, or held any contests in California. (*Id.* ¶ 4.)

REPLY IN SUPPORT OF MOTION TO DISMISS

1  jurisdiction.)[6]

2      Plaintiffs' arguments that contracts with MysticArt Pictures[7], Sullivan

3  Compliance Company, post-production supervisors, and Revolution Entertainment

4  Services establishes specific jurisdiction is also insufficient. Defendants "doing

5  business with California," but not necessarily "doing business in California" is not

6  enough to establish a specific personal jurisdiction. *Mavrix Photo*, 647 F.3d 1281,

7  1226 (9th Cir. 2011); *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008)

8  ("[W]e are guided by the Supreme Court's admonition that the formation of a

9  contract with a nonresident defendant is not, standing alone, sufficient to create

10  jurisdiction.") Doing business with attorneys and other businesses based in California

11  is not purposeful availment and does not render Los Angeles the *de facto*

12  headquarters.

13      Plaintiffs' focus on the isolated marketing event in Santa Monica in

14  December 2024 is misplaced because "[o]nly contacts occurring prior to the event

15  causing the litigation may be considered in evaluating the defendant's contacts with

16  the state." *Bartel v. Tokyo Elec. Power Co., Inc.*, 371 F. Supp. 3d 769, 786 (S.D. Cal.

17  2019) (citing *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d

18  911, 913 (9th Cir. 1990).) The allegation that Santa Monica was "ground zero for the

19

20

---

21  [6] Plaintiffs irrelevantly state that defense counsel is in Los Angeles. (SAC ¶ 28.)
22  Plaintiffs' claims do not arise out of Defendants' relationship with defense counsel
23  engaged to represent Defendants.

24  [7] MysticArt's promotions occurred nationwide via the internet, (*id.*), which does not
    support the conclusion that Defendants targeted California. *Herbal Brands, Inc. v.*
25  *Photoplaza, Inc*, 72 F.4th 1085, 1091 (9th Cir. 2023) ("If the maintenance of an
    interactive website were sufficient to support general jurisdiction in every forum in
26  which users interacted with the website, the eventual demise of all restrictions on the
    personal jurisdiction of state courts would be the inevitable result."); *Mavrix Photo*,
27  647 F.3d at 1231 ("Not all material placed on the Internet is, solely by virtue of its
28  universal accessibility, expressly aimed at every state in which it is accessed.")

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

REPLY IN SUPPORT OF MOTION TO DISMISS

launch" of the Beast Games is not only irrelevant because it occurred after the events alleged in the SAC, but it is factually untrue. (SAC ⁋ 27.)[8]

And, "there is no there there" to the assertion that Defendants did not identify "Greenville" as their principal place of business in filings with the North Carolina Secretary of State. Plaintiffs cite no authority for the proposition that Defendants had a duty to do so or that such a failure to do so vitiates towards the finding of personal jurisdiction in California. For an LLC, its place of organization, and/or principal place of business within a state constitute the paradigmatic basis for establishing general jurisdiction. *Daimler,* 571 U.S. at 119, 121. As Plaintiffs have pointed out (RJN Exs. A and B), Defendants are organized under North Carolina law.

Finally, a plaintiff's residency is not dispositive in determining personal jurisdiction. *Axiom Foods*, 874 F.3d at 1070 (courts must look at a defendant's "own contacts" with the forum in assessing personal jurisdiction); *Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1253 (9th Cir. 1980) ("it is not sufficient that the plaintiff was a California resident.")

For these reasons, Plaintiffs fail to establish personal jurisdiction.

## V.     PLAINTIFFS DO NOT IDENTIFY AN ALLEGED BREACH OR COGNIZABLE DAMAGES FOR THEIR CONTRACT CLAIMS

Plaintiffs fail to plead facts to support the allegation that Defendants have breached the Agreement. As explained above, a statement that the agreement is

---

[8] Houston was "ground zero" and the location of premiere party. (Atkins Decl. at ¶ 11.) While Santa Monica was one of many international locations in which the premiere was marketed, (Atkins Decl. at ¶ 11), this diffuse marketing does not establish purposeful availment because a defendant's "attenuated contacts" do not establish personal jurisdiction. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017.) Plaintiffs' claims do not "arise out of or relate to" the promotion of the Santa Monica premiere. *Burger King,* 471 U.S. at 472, 475–478; *LNS Enters,* 22 F.4th at 864 (finding there was no specific personal jurisdiction over a company that maintained an aircraft service center in the forum state because this contact did not relate to the cause of action arising out of a plane crash in the forum state.)

REPLY IN SUPPORT OF MOTION TO DISMISS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1  governed by California law is not akin to agreeing to be privately bound under every

2  California statute.

3      Plaintiffs also fail to sufficiently plead damages. *Becerra v. Allstate*

4  *Northbrook Indem. Co.*, No. 22-CV-00202-BAS-MSB, 2022 WL 2392456, at *6

5  (S.D. Cal. July 1, 2022); *see also Gardner v. Health Net, Inc.*, No. CV 10-2140 PA

6  (CWX), 2010 WL 11597979, at *6 (C.D. Cal. Aug. 12, 2010) (dismissing plaintiffs'

7  breach of contract claim because plaintiffs "failed to allege any cognizable

8  damages.") Plaintiffs insufficiently allege they have been damaged "in an amount to

9  be proven at trial." (SAC ¶ 256.) "Plaintiff[s] ha[ve] pled damages in such a way that

10 the Court is unable to determine whether those damages pled are recoverable under

11 contract law generally. *Soil Retention Prods., Inc. v. Brentwood Indus., Inc.,* 521 F.

12 Supp. 3d 929, 951 (S.D. Cal. 2021) (finding that pleadings alleging damages "which

13 [are] currently unascertainable, but [] no less than $1.4 million" to be insufficient.)

14 *Id.* Because Plaintiffs have not pled cognizable damages, this claim must be

15 dismissed, Defendants removal papers notwithstanding.[9]

16      So too with Plaintiffs' claim for breach of implied contract. Plaintiffs have not

17 established an implied contract with Amazon, a licensee, not a party to the

18 Agreement. (SAC ¶ 260.) Amazon's conduct in promoting and hosting the Contests

19 on this network does not show a "mutual agreement" to promise to the contestants

20 that California law will apply. Plaintiffs have not satisfied the elements of breach or

21 damages, relying on the allegation that Amazon refuses to apply California law and

22 again insufficiently alleging they have been damaged "in an amount to be proven at

23 trial." (SAC ¶ 264-66.) Plaintiffs have not stated a claim for breach of implied

24 contract.

25

26 [9] Plaintiffs mention of Defendants removal papers assessing damages under the

27 Labor Code, and which needed only include "a plausible allegation" that the amount in controversy exceeded the jurisdictional threshold, *Dart Cherokee Basin* Operating

28 *Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), does not suffice to affirmatively plead cognizable contract damages.

REPLY IN SUPPORT OF MOTION TO DISMISS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

For breach of implied covenant of good faith and fair dealing, Plaintiffs have not pled facts showing that, through their elimination, Defendants deprived them of a benefit conferred by the Agreement. (*See* SAC ¶¶ 267-75.) Plaintiffs contracted to compete in the contests to potentially win prizes, competed in the contests, and were reasonably eliminated. Again, Plaintiffs have failed to allege cognizable damages. Here, plaintiffs stated that they "were harmed" by being eliminated from the contests and the opportunity to win the prize. (SAC ¶ 275.) Plaintiffs have not stated, and cannot state, a claim for breach of implied covenant of good faith and fair dealing.

## VI.  THE AGREEMENT IS NOT UNCONSCIONABLE

The complaint alleges causes of action that arise under contest law; releases in agreements for reality TV skills contests are valid[10] and the Agreement waived claims arising under the UCL by a valid prospective release. Plaintiffs' claim for breach of implied covenant of good faith and fair dealing (which is based on alleged game rigging and arises under contest law) was also waived and must be dismissed.

California Courts only require that the injury "be reasonably related to the object or purpose for which the release is given." *Benedek v. PLC Santa Monica, LLC*, 104 Cal. App. 4th 1351, 1357 (2002.) Courts have found prospective releases

---

[10] *Thomas v. Infinity Broad. Corp. of Los Angeles*, No. B177970, 2005 WL 3074138, at *1 (Cal. Ct. App. Nov. 17, 2005) (affirming judgment of trial court which sustained defendants' demurrer without leave to amend, based in part on a release plaintiff signed as a condition of his participation in the contest, which release acknowledged that none of the defendants made any representation or warranty to plaintiff regarding the contest, and plaintiff waived any claim that may arise in connection with plaintiff's participation in the contest or his acceptance of the invitation to participate in the contest.); *see Gelbman v. Valleycrest Prod., Ltd.,* 189 Misc. 2d 403, 405–06, (Sup. Ct. 2001) (finding that the game show validly reserved final judgment in a clause in the official rules, and disputes over the fairness of quiz show questions were bound by the show's decision.); *see also Bunting v. Atl. Ref. & Mktg. Corp.*, No. CIV. A. 89-1385, 1991 WL 160927 (E.D. Pa. Aug. 15, 1991), *aff'd*, 961 F.2d 207 (3d Cir. 1992) (finding summary judgment for defendant appropriate in an action against a contest provider on the grounds that the plaintiffs agreed to the final ruling of the contest judges as part of the rules of the contest, even if "there seems to be agreement on the fact that the [judges] did not conduct the sweepstakes in an honest fashion.".)

- 14 -

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES

to be "clear, unambiguous and not unconscionable", and thus enforceable, even when they release "any and all claims arising from [a contestant's] appearance" on a game show. *Rosner v. Valleycrest Prods. Ltd.*, No. B165004, 2004 WL 1166175, at *1 (Cal. Ct. App. May 26, 2004) (finding that plaintiff could have chosen not to sign the contract, which contained a valid release and gave game show producers total discretion, if they viewed it as unfair and affirming summary judgment for defendants for plaintiff's claims for breach of covenant of good faith and fear dealing premised on the allegations that the game show producers violated their own rules in the manner in which they presented the game show trivia questions.) Here, Plaintiffs' claims arising out of their participation in the contests are "reasonably related" and covered by the Agreement's release covering claims "arising out of, resulting from, or by reason of my participation on or in connection with the Program." (Atkins Decl. ¶ 9 Ex. A., ¶ 40.) As the Court pointed out in *Rosner*, Plaintiffs could have chosen not to sign the Agreement or participate in the contest. *Id.* at *8.

## VII.    CONCLUSION

In their opposition Plaintiffs admit that "[e]ach of the two amendments to the original complaint was the result of information learned from new clients, including over a 6 ½ month-period while the action was stayed during which additional information was uncovered." (Opposition at 3 ¶¶ 14-16.) This admission establishes that Plaintiffs have had plenty of time to uncover information, have conducted diligence, and still do not meet their pleading requirements. As such, the dismissal with prejudice is warranted.

////
////
////
////
////
///

REPLY IN SUPPORT OF MOTION TO DISMISS

McDermott Will & Emery LLP
Attorneys At Law
Los Angeles

1  Dated: July 3, 2025                Respectfully submitted,

2

3                                     **MCDERMOTT WILL & EMERY LLP**

4

5                                     By:

6                                         MARIA C. RODRIGUEZ
                                          ELVIRA R. KRAS
7                                         ARIEL BEVERLY
                                          CLAIRE M. HAGAN
8                                         Attorneys for Specially Appearing
                                          Defendants
9                                         MRB2024, LLC AND OFF ONE'S BASE,
                                          LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION TO DISMISS

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for MRB2024, LLC and OFF ONE'S BASE, LLC, certifies that this brief contains 4,162 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 3, 2025

Respectfully submitted,
**MCDERMOTT WILL & EMERY LLP**

By: _____

MARIA C. RODRIGUEZ
ELVIRA R. KRAS
ARIEL BEVERLY
CLAIRE M. HAGAN
Attorneys for Specially Appearing
Defendants
MRB2024, LLC AND OFF ONE'S BASE, LLC

REPLY IN SUPPORT OF MOTION TO DISMISS

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
LOS ANGELES